of infolvent debtors, for the affigning of bonds, and for defalcation: And the laft of thefe Acts fays, that " if two or more, *dealing toge-* " *ther* (which words are not to be found in either of the *Englifh* fta- " tutes) be indebted to each other upon bonds, &c." when an ac- tion is commenced, the Defendant may plead payment, and give his bond, &c. in evidence againft the Plaintiff's demand.

If then, the obligee could have defalked the bond in queftion, (of which, we think, no doubt can reafonably be entertained) and he has legally affigned all his right and intereft in it to the Plaintiff in Error, why fhould not the affignee be entitled to the fame advantage, fince the Act for the affignment of bonds has placed him on the fame footing ?

There is another claufe in the Defalcation Act, which provides, that where a Plaintiff and Defendant have *accounts* to produce one againft another, they may refer them, and the report of the referrees fhall have the effect of a verdict: Now, although the words are con- fined to the cafe of *accounts*, yet the conftruction of the Act has li- berally extended the right and benefit of fuch a referrence, to every other caufe of action.

For the fake of Juftice, and to prevent an odious multiplication of fuits, we think, that the fame liberality fhould be exercifed in the cafe before us ; and are unanimoufly of opinion, that the Judgment of the Court below ought to be reverfed.

Judgment reverfed,

## GRÆME *et. al.* Admors, *verfus* HARRIS.

THIS Caufe came before the Court on a cafe ftated, which was, in fubftance, as follows :—The inteftate, *John Græme*, in his life time, to wit, in *December* term 1772, obtained a Judgment a- gainft the Defendant, in a plea of debt, in the County Court of *Common Pleas* of *Philadelphia*. He afterwards died, being refident at the time of his death in *Great-Britain*, of which kingdom he was a fubject. Upon his deceafe, the Plaintiffs obtained Letters of Ad- miniftration from the Archbifhop of *York*, in the faid kingdom, which bore date the 25th of June 1784 ; but to this action, which was a *fcire facias* to revive the above-mentioned Judgment, the De- fendant pleaded, that the Plaintiffs never were Adminiftrators: Iffue was thereupon joined ; and this queftion fubmitted to the opi- nion of the Court, whether under the authority of the Letters of Adminiftration granted by the Archbifhop of *York*, the Plaintiffs could maintain the prefent action ?

The point was argued on the 26th of *September*, by *Rawle*, for the Plaintiffs, and by *Sergeant* and *Swift* for the Defendant.

*Rawle* relied on the Act of Affembly, which declares, that Letters of Adminiftration granted out of the Province were fufficient for the

purpofe

purpose of bringing actions. *State Laws.* 30. He urged, that this **1789.** law, as well as other laws of the Province, was recognized and confirmed by the act of the 28th of *January,* 1777; that such letters of administration were a competent authority by the law of nations; *Godb.* 33. 47. and that it had been determined in a sister State, that letters of administration granted in *New-York,* were sufficient to maintain actions in *Connecticut. Kirb. Rep.* 270.

*Serjeant* and *Swift* contended, that the necessary operation of the Revolution, had altered the law declared in the act of Assembly, and the words " *out of the province,*" were evidently meant of places within the *British* dominions. They urged, that this was an attempt to give more force to the letters of administration, than they would be entitled to even in the *British* dominions; for, if there were *bona notabilia,* in *England,* and in *Ireland,* letters of administration must be taken out in both kingdoms. 2 *Bac. Abr.* 399. 11 *Vin.* 59. pl. 6. *ibid.* 74 pl. 1. or, even if there were *bona notabilia* in two different provinces, as *Canterbury* and *York,* letters of administration must be granted in each. *Palm.* 163. The arguments *ab inconvenienti,* are likewise in favor of the Defendant; for, if this authority is good, the creditors of the intestate must pursue the administrators in *England,* or any foreign country, where the law differs with respect to the priority of debts. Besides, the security given by administrators, is only with relation to the apparent value of the personal estate where administration is granted.—See 2 *State Laws* 41. *Art. of Confed. art.* 4. *Const. Penn. sect.* 34.

The Court, having considered the case and arguments, were unanimously of opinion, that the letters of administration, granted by the archbishop of *York,* were not a sufficient authority to maintain an action in this Commonwealth; and gave,

Judgment for the Defendant.