r Motion to set aside the verdict in this ease, and- enter up judg. ment of nonsuit, on the ground, that the plaintiff’s letters of administration, appeared to have been granted by a court of the State of North Carolina; and that administration had never been committed to bim^byany court of this State. Motion granted-.*

 See Hayw. Rep. 355. Kirb. Rep. 270: Secus, if no goods in the State. See also. 2 Atk. 63. 1 H. Bl. 146, 152. 3 P. Wm. 370. 9 Rep. 39, 1 Salk. 40. 3 T. R. 387. Cro. Eliz. 472. An Ordinary in Ireland, may commit administration ofgoods within his diocese, in England. 6 Mod. 145. Ld. Raym. 562, 856. And see Fenwick v. Sear’s administrators, 1 Cranch, 259, where it was said in argument, that by the laws of Maryland, letters of administration granted in another State, do not authorise an administration of the assets in Maryland; because, by the testamentary laws of Maryland, the administrator is to give bond, and render' *16 an account of his administration, and the assets aró to bó distributed in the manner prescribed by law. Letters of administration granted under seal, in a sister State, are sufficient authority to maintain an action in Pennsylvania. M'Cullough v. Parland, 1 Bin. 63. Greene v. Harris, 1 Dall. 456.