<div style="text-align: right">GRAND ISLE,
January,
1833.

Hill
*vs*.

---

### WILLARD GORDON *vs*. REUBEN CLAPP.

That, in a suit on a Probate Bond for the benefit of a creditor, the breach assigned being the non payment of a dividend struck in the Probate Court, and on plea of payment, receipts, showing payment to the plaintiff by a former administrator, are admissible in evidence.

That the effect of these receipts as payment cannot be defeated by showing waste, committed by the former administrators.

˄ That services performed, or money expended in aid of the defendant's administration, cannot be proved, in support of a suit upon his administration bond, nor to offset against the payments shown by the above mentioned receipts; but are a claim against the defendant in his individual capacity.

<div style="text-align: right">GRAND ISLE,
January,
1833.</div>

This was an action of debt upon the administration bond of the defendant, as administrator *de bonis non* of the estate of Alexander Gordon deceased; Philo Berry and Polly Gordon having been the former administrators. It appears, by the declaration and pleadings and exceptions, that the defendant proceeded in the settlement of the estate, till he procured a dividend struck; and the plaintiff being a creditor of the deceased to the amount of $700, or more, and his dividend remaining unpaid, he procured this suit to be brought and assigned for breach the non payment of this dividend. The written pleadings were voluminous, ending in several issues to the jury; but a plea

17

GRAND ISLE,
January,
1833.

Gordon
vs.
Clapp.

of payment, to which there was a traverse, is the only plea upon the trial of which any questions of law were saved. In proof of this plea three receipts were offered in evidence. These were objected to, but were admitted by the Court, and exception was taken to this decision.

These three receipts put together amount to the plaintiffs dividend except the sum of $1,57 The jury allowed the receipts, and returned a verdict for the plaintiff for the $1,57 only.

The receipts were similar in principal, not differing materially except in sums and dates. One of them is as follows, to wit:

Received, November 9th, 1802, of Philo Berry and Polly Gordon administrators to the estate of Alexander Gordon deceased, $148,00, which is to answer on an execution in favor of Willard Gordon against the said Alexander Gordon, and Samuel Davenport, and if the said Alexander Gordon's estate shall prove insolvent, and the sum which the said Willard has received amounts to a greater sum than the said Alexander's estate shall be adjudged by law to pay, then the said Willard promises, to refund and pay back to the said Alexander, all such sums of money as he has received, more than the estate will pay.

<div align="right">WILLARD GORDON.</div>

. *Counsel for plaintiff.*—Clapp has no interest whatever in the sum advanced or paid the plaintiff by Berry and Polly Gordon. If they paid out of their own funds there can be no pretence of interest in Clapp. If they paid out of the funds of A. Gordon's estate, in their hands, it was an administration of the funds, for the correctness of which Clapp is not responsible, and in which he has no interest.

1. There is no privity between the first administrator and the administrator *de bonis non*, and the latter cannot in any Court be made accountable for the acts of the former. *Grant* vs. *Chamberlain*, 4 Mass. 611; *Dale* vs. *Roosevelt*, 8 Cowen, 333.

2d. The administrator of an administrator must settle the account of his intestate in the Probate Court. *Norvel* vs. *Norvel*. 2 Greenleaf, 75; *Stone* vs. *Stores*, 6 Mass. 390.

3. This action is prosecuted by the plaintiff to compel

the payment of money, decreed to him by the Court of Probate. The decree was made on the defendant's render-ing his administration account, and is founded on the money of his intestate's estate actually in his hands. How does he attempt to discharge himself from the performance of this decree? By showing that, 28 years before the passing of the decree, Berry and Polly Gordon, out of a fund in their hands for that purpose, paid the plaintiff a fraction of his claim against the estate of A. Gordon. The defendant requires the benefit of this payment to retain the effect in his hands to his own use. He asks to be discharged from the decree of 1830, directing him to pay a certain sum of money in his hands to the plaintiff, by virtue of the acts of Berry and Polly Gordon, done in 1802, though between him and Berry and Polly Gordon there is no privity, and no connexion whatever. Clapp gave bonds to abide the decrees of the Probate Court, and to pay out and distribute the effects of A. Gordon, which had or should come *to his hands*. He would discharge himself from this bond by ef-fects, that come to *other hands*.

2d. Conceding for argument, that the defendant has suc-ceeded to all the right which Berry and Polly Gordon had in the receipts, how is he aided by this right? The plain-tiff's promise is to refund on a final settlement of the estate, should it then appear, that he had received more than his just portion of the effects of the intestate. If the defendant would avail himself of Berry and Polly Gordon's contracts, he must take them with all their conditions.—— The point of settlement or no settlement of the estate was directly in issue by the pleadings—and all proof on this issue excluded by the Court. The plaintiff offered to prove, that Berry and Polly Gordon received and sold a large real and personal estate of A. Gordon, for which neither they nor their representatives had ever rendered any account; but the offer was rejected. The records of this Court furnish incontestible evidence of the mal-admin-istration of Berry and Polly Gordon, and that this estate was thereby wasted and involved in endless litigation.

3d. The evidence offered to prove Clapp's agreement to apply the plaintiff's claim on him as administrator, in discharge of the receipts was clearly pertinent on the position assumed by the Court.

GRAND ISLE,
January,
1833.

Gordon
vs.
Clapp.

GRAND ISLE,
January,
1833.

Gordon
vs.
Clapp.

*Counsel for defendant.*—The offer to show waste committed by Philo Berry and Polly Gordon was legally rejected, because, if proved, the effect would be to make the defendant responsible for their misconduct; and this too out of his own estate. As administrator, *de bonis non* he is answerable only for the estate which comes into his possession, belonging to Alexander Gordon; and the receipts, found among the papers of the estate, may be considered, with reference to this question, in the same light as if the defendant had found so much money. When the dividend was struck this money would have been added to the sums to be divided and the creditors would have it.— And it would be insufficient to permit the prosecutor to swallow it, by proof of waste in the first administrators, for whose misconduct the defendant would be in no manner liable. It would if allowed, transfer the liability of the bail of him, who committed waste, to the bail of him who had committed none.

The prosecutor has his remedy upon the bond of Berry and Polly Gordon, if he has lost any thing. He does not pretend that he is injured by the defendant.

If Gordon performed services, or advanced money to Clapp, in aid of the administration of the Estate, it becomes a claim against Clapp in his *private individual* capacity, the nonpayment of which furnishes ground for an action of assumpsit against him, but is no breach of the administration bond. That bond is conditioned for the faithful settlement of the Estate, not to pay third persons employed by the administrator to settle it.

The bond embraces the administration of all matters that existed at the death of the intestate, and came to the knowledge and possession of the defendant, and to nothing that transpired afterwards. Such is not the debt of the estate, which he and his bail are bound, by the condition of the bond, to pay.

HUTCHINSON, C. J.—The principal question, that is raised by the bill of exceptions allowed by the County Court is, whether the receipts, offered in evidence by the defendant, were correctly admitted by the Court on the plea of payment. There is no suggestion, but that receipts thus

GRAND ISLE,
January,
1833.

Gordon
vs.
Clapp.

given to this defendant, after the dividend was struck by his procurement, would be proper evidence upon his plea of payment. But these receipts were executed in the days of the original administrators of the estate of said Gordon; and were given by the plaintiff to said original administrators. It is urged from these circumstances, that the defendant can derive no benefit from them. And it seems to be supposed by the plaintiff's counsel, that the allowance of these receips to the defendant, would operate as a gift to him; or as they express it, he would pocket the money. We think this supposition not correct. It does not appear, whether the defendant exhibited these receipts before the Court of Probate to be treated as so much money, when the dividend was struck, or not; or whether he then knew of them, or has since discovered them. If he had them in his possession, it might not be prudent for him to take upon him the risk of their being genuine, and actually operating for his benefit as payment, before the close of the controversy about them, which has since arisen. But if they are allowed him as payment in this case, he must account for them as so much money; and their amount may be a fund for another dividend.

Whether these receipts being evidence of payments and made by the former administrations, and not by the defendant, makes any difference about their being allowed as payment in this action, depends upon the nature of the whole transaction, including the character of the receipts themselves. The receipts contain incontrovertible evidence, that the plaintiff has long ago received two hundred and fifty-nine dollars towards such demands of his against the estate of said Alexander Gordon deceased, as he considered himself entitled to a dividend upon. Two of the receipts mention the demand as being against said Alexander Gordon, and one Samuel Davenport. This was alluded to in argument as possibly making a difference. But it makes no difference. It was a demand against the estate of the deceased, and forms a part, at least, of the claim now sought to be recovered. This payment to the plaintiff was received by him of Philo Berry and Polly Gordon, as administrators of the said deceased. It was, therefore, paid out of the property of the deceased. It certain-

GRAND ISLE,
January,
1833.

Gordon
vs.
Clapp.

ly must be so treated for every purpose, until their account of their administration is settled before the Court of Probate. By reason of this, so much less property of the deceased, in presumption of law, has come into the hands of the defendant to be administered, unless these receipts are to be treated as property; and if to be so treated in any way, it must be in the way attempted in this defence. Moreover, the very terms of these receipts point to the event of a dividend struck, and these to be treated as payment of such dividend, in whole or in part. One receipt contains this stipulation: "and if the said Alexander Gordon's estate shall prove insolvent, and the sum which the said Willard has received, amounts to a greater sum than said Alexander's estate shall be adjudged by law to pay, then the said Willard promises to refund and pay back to said administrators all such sums of money, as he has received more, than the estate will pay." Another of said receipts varies on this wise: "If I have received more than my dividend, then I promise to refund &c. all I have received more than the dividend allowed by law." If the plaintiff cannot be compelled to allow these receipts as payment of a dividend, neither could he be compelled to allow them in part payment of his debt, if the defendant had found property of the deceased sufficient to pay the whole claim, instead of a dividend, merely. Indeed, it is not easy to conceive of any other method of compelling the plaintiff to account for the amount of these receipts, half as plausible as the one now adopted.

These receipts being in possession of the defendant it must be presumed, that he received them from the former administrators, as he received any other evidences of property, and, probably, this delivery over to the defendant would be good accounting by the former administrators, in a suit against them or their bondmen, so far as the amount of these receipts, or the property paid to the plaintiff to procure these receipts.

The counsel have slightly glanced, in argument, at the evidence, offered by the plaintiff and excluded, of a large property wasted by said former administrators, belonging to said estate. This was not strenuously insisted upon; and there seems to be no ground for the argument. An

administrator *de bonis non* is only liable for the property of the deceased, which he actually receives, or might receive by using good diligence in search. He cannot be made liable for the property, wasted by the former administrators. He must make and exhibit an inventory of all the property he can find, just as if he were the original Administrator. I see no reason why he must not inventory all he can obtain from the original administrator. He assuredly must account for it in some way before the Court of Probate. See Stat. p. 340.

But, if any thing could be realized in any way from the waste, committed by the former administrators, it could not operate for the sole benefit of the plaintiff, but must be a fund for the proportionate benefit of all the creditors.

The exceptions show, that the plaintiff further offered to show his acting and expending money at the request of the defendant, and in aid of his administration. This was objected to and excluded. That this is a claim against the defendant as an individual, and not one, that can come in upon his administration bond, and be a charge upon his bail, is too plain to need comment, or illustration.

The judgement of the County Court is affirmed.

*Smalley & Adams,* for plaintiff.

*Whittemore,* for defendant.