Chief Justice Robertson
delivered the Opinion of the Court.
To a scire facias, issued by Fortunatus Cosby, to have judgment for execution, in his own name, as administrator, in this State, of E. O. Williams, deceased, on a judgment which the intestate had obtained, in his lifetime, against Robert Gilchrist — the defendant filed six pleas; upon five of which, issues were made up. But the Circuit Court having overruled a demurrer to the sixth plea, and the plaintiff having failed to reply thereto, judgment was thereupon rendered in bar of the action.
The only question we shall consider, is whether the sixth plea is good.
The plea in question avers in substance, that the decedent was domiciled in Virginia at the time of his death, and published a will, which was afterwards admitted to record in the proper Court of probate in that *207 State; that an administrator with the will annexed was appointed by the probate Court in "Virginia; that ’the defendant having appealed from the judgment sought to be reviewed, had given an appeal bond, and that the Virginia administrator had obtained a judgment on that bond, against him and his surety.
his goods &e. has been granted; & having assets in this State, another adm’r has been appointed here, the latter has the paramount right to all the assets remaining unad-ministered within the jurisdiction* of this State.
Qu. whether a paymentto a foreign- administrator would bar the-right of a local administrator.
These facts certainly do not constitute a legal bar to the scire facias on the original judgment. The appeal bond did not discharge or extinguish that judgment by merger, or otherwise; it was only a collateral security, an unsatisfied judgment upon it, therefore, would not affect the judgment which it was given to secure. Had Williams himself obtained the judgment on the appeal bond, he might, at any time before a satisfaction of that judgment, have proceeded on his first and principal judgment, and his personal representative in this State may elect to do the same thing — unless the administrator of the domicil had a prior or exclusive right to collect the amount of the judgment here. But the local administrator, though ancillary to the administration at the domicil, has undoubtedly the paramount right to all assets within the jurisdiction of this State at the time of the decedent’s death, and which remain here unadministered.
Other and very interesting questions are presented by the pleadings; but, as those questions are all involved in issues already concluded, we cannot now intimate a judicial opinion respecting any of them. And therefore we shall not suggest whether a payment to the foreign administrator would bar the right of the local administrator. That question might, in no slight degree, depend on whether the payment was made, or the judgment obtained on the appeal bond, prior to a valid appointment of the local administrator.
But the erroneous decision on the demurrer to the sixth plea, concluded the whole case, and left nothing to be tried.
Wherefore, the judgment is reversed, and the cause remanded, with instructions to sustain the demurrer to