## TAYLOR v. BARRON.

There is no legal privity between administrators appointed in different States.

A decision of commissioners appointed in Vermont, of an insolvent estate of a person resident there, rejecting the claim of a person resident in New-Hampshire, is no bar to the same claim, when presented against the estate in New-Hampshire.

The records of one tribunal, which are required to be kept with the records of another, and are made records of such other, may be authenticated by the seal and the signatures of the chief judge and clerk of the court in which they are deposited.

Taylor *v.* Barron.

It must be distinctly alleged that a judgment was rendered upon the merits, in order to be conclusive, otherwise it will not be assumed to be so.

In Assumpsit, the plaintiff demurred to the defendant's pleas, and the questions then raised were decided by the Superior Court. The decision is reported in 10 Foster 78, and the pleas are there set forth at length.

The pleas have been since amended by leave of the court, as follows:

1. The averment, " and said report was by said court duly accepted and ordered to be recorded," is amended by adding, " as the decision of the commissioners."

2. At the close of the recital of the statutes of Vermont is added:

" And the said Asa T. Barron further avers, that by the law of the said State of Vermont, the probate court shall have the power, and it is the duty of said court, when the commissioners shall make report of their doings to the probate court, as hereinbefore set forth, to accept the said report as the decision of the commissioners; and in case the report is accepted, to order the same to be recorded in the said probate court, as the decision of the commissioners."

" And the said Asa T. Barron further avers, that by the law of the State of Vermont the property of the said Abel Barron, in said State, is subject to be equally apportioned to the creditors of said Abel Barron, residing in the State, with other creditors, according to their respective debts, until said debts shall have been fully paid."

3. After the allegation that Asa Taylor presented his claim, " which was wholly disallowed by said commissioners," is added:

" And the said Asa Taylor then and there, before the said commissioners, insisted that the said claim was legally due to him, and ought to be allowed to him against the said estate, and did not withdraw, or in any manner discontinue the same. And the said Asa T. Barron, having had notice of the said claim, was present, and in the name and by the permission of said Shu-

bael Russ, administrator as aforesaid, insisted that there was nothing legally due from the said estate to said Taylor, and resisted the allowance of the said claim, and every part thereof, on its merits, and did not interpose any dilatory plea, motion or other proceeding ; and thereupon the said parties were then and there, before said commissioners, at issue upon the merits of said claim, the said defence being made in the name and with the knowledge and assent of the said Russ, by the said Asa T. Barron ; and the said commissioners did then and there, upon the said issue, after hearing the said parties, wholly disallow the said claim."

4. The last averment is modified, by inserting the lines in italics, so as to read as follows :

" And the said Asa T. Barron further avers, that by the law of the said State of Vermont a judgment or decision of commissioners, appointed by the probate court to receive and examine the claims against the estate of a person deceased, *when accepted by the probate court as the decision of the commissioners, and ordered to be recorded as such,* is, unless appealed from in accordance with the provisions of the statute, a final judgment *of record of and in the probate court, capable of being authenticated, in accordance with the provisions of the act of Congress of the United States, approved May* 26*th, A. D.* 1790, and conclusive of the rights of the parties ; and that, by the matters and proceedings herein before set forth, the said claim of the said plaintiff was finally and forever barred in the State of Vermont," &c.

*H. A. Bellows,* for the plaintiff.

The proceedings for the proof of debts in the case of insolvent estates, are not regarded as judgments. *Ostram* v. *Curtis,* 1 Cush. 461 ; *Wright* v. *Dunham,* 9 Pick. 37 ; *McDonald* v. *Webster,* 2 Mass. 498 ; 1 Tyler's R. 198; *Phelps* v. *Rice,* 10 Met. 128. The allowance or disallowance only determines the claims which shall be entitled to payment out of the assets. The claim still subsists, and may be set off even in Vermont.

Taylor *v.* Barron.

By the law of Vermont as pleaded, there is no provision for any judgment, or decree for the acceptance, or recording of the report. In *Hodges* v. *Thatcher*, 23 Vt. 463, it is held no appeal lies from such decree.

By the express provision of the statute, the appeal is to be from the decision and report of the commissioner. The case of *Hodges* v. *Thatcher* is far from holding that the report of the commissioner becomes a judgment of the court of probate. There is nothing in the proceedings of the character of a judgment in the probate court; no process, petition, or presentation of any claim there, nor description of any; nothing but the report of the commissioner giving the amount allowed or disallowed.

Judgments of courts of other States, that are conclusive in this State, are those of general jurisdiction. *Robinson* v. *Prescott*, 4 N. H. 450; *Warren* v. *Flagg*, 2 Pick. 448; *Mahurin* v. *Biddeford*, 6 N. H. 570; *Ingersoll* v. *Van Gilder*, 1 Chip. 59; *Shumway* v. *Stillman*, 6 Wend. 453.

It is stated that the probate court has power by law to accept and record the report, as the decision of the commissioners, and such decision, so accepted and recorded, is a final judgment of record *of and in* the probate court, and capable of authentication as such.

But the allegation that the decision is a final judgment, is to be taken in reference to the general powers and duties of the tribunal, and that being merely for the settlement of estates in Vermont, the judgment is to be regarded as final and conclusive only in respect to the settlement of the estate.

It cannot be properly alleged that there is a judgment of the court of probate, but a judgment of record of and in that court; that is a judgment recorded in that court. It is capable of that construction, and it best comports with the law set forth in the plea. It must, therefore, be construed against the plea. Com. Dig., Pleader, E, 6; 1 Chitt. Pl. 445; *Slocum* v. *Clark*, 2 Hill. 475.

The demurrer admits the facts that are well pleaded, but not the conclusions drawn from the law; of them the court will

judge. It is not enough to say that the court of probate had jurisdiction, or that the decision was a judgment of the probate court, or that it was capable of authentication. The facts must be stated, that the court may see. *Dakin* v. *Hudson*, 6 Cow. 221 ; *Smith* v. *Atlantic Ins. Co.*, 2 Foster 21 ; *Newell* v. *Newton*, 10 Pick. 470 ; *Frary* v. *Dakin*, 7 Johns. 75 ; *Morrison* v. *Woolson*, 3 Foster 11 ; *Sadbrooke* v. *James*, Willes 199.

It is not alleged that there was any trial, or hearing upon the merits, or any investigation whatever upon the merits. For aught that appears no evidence was offered, or proof attempted to be made, as was the fact. It is merely alleged that the plaintiff claimed the account to be due, and the administrator denied it, and the commissioners after hearing the parties disallowed it. If there was an investigation, why not say so ? The disallowance may well have been for want of prosecution, and in the nature of a nonsuit. *Wilber* v. *Gilmore*, 10 Foster 104 ; 21 Pick. 253, and cases cited ; 3 Ch. Pl. (10 Am. Ed.) 929 ; *Rowe* v. *Farmer*, 4 T. R. 146 ; *Seddon* v. *Tutop*, 6 T. R. 607. A discontinuance is no bar. *Hall* v. *Blake*, 13 Mass. 155 ; 2 Stark Ev. 199. It must be a judgment on confession or verdict. A judgment is no bar, where the real merits have not been inquired into. 2 Stark Ev. 199, 200 ; *Golightly* v. *Jellicoe*, 4 T. R. 146 ; *Whittemore* v. *Whittemore*, 2 N. H. 26 ; 3 Cow. Pl. Ev. 834 ; 1 Greenl. Ev., sec. 532.

A judgment against an administrator in one State will furnish no right of action against another administrator of the same intestate, in another State, so as to affect the assets there. Story's Confl. L., sec. 437 ; *Lightfoot* v. *Birkley*, 2 Rawl. 431 ; *Talmadge* v. *Chapel*, 16 Mass. 71 ; because there is no privity between them.

It is said there is no such privity between an administrator *de bonis non*, and an executor who had recovered judgment on a debt due the estate, that the administrator can maintain a suit on the judgment. He must sue on the original cause of action. *Grant* v. *Chamberlain*, 4 Mass. 611 ; *Gates* v. *Clough*, Yelv. 33 ; *Barnhurst* v. *Yelverton*, Yelv. 83 ; *Pastal* v. *Ward*, Latch.

140; *Allen* v. *Irwin*, S. & R., 549; sec. 3, Cow. & H. Phill. Ev. 814, 815. So a judgment against the executor does not bind the heirs. Ibid. *Deneale* v. *Archer*, 8 Peters 528; *Osgood* v. *Manhattan Co.*, 3 Cowen 612; *Maury* v. *Peters*, 1 Mumf. 437, 455; Tall. Ex. 448. The rule in the case of an administrator *de bonis non* was altered by stat. 17, ch. 2, sec. 8, Com. Dig., Admin., G., and Estoppel, C.; 2 Stark Ev. 201; Robinson's case, 5 Co. 32.

A judgment to be conclusive must be strictly between the same parties. *Chamberlain* v. *Carlisle*, 6 Foster 552; *Warren* v. *Cochran*, 7 Foster 341.

Again, there is no averment that a judgment of the probate court remained of record, or was recorded. 3 Ch. Pl. 930, and notes; Com. Dig., Pleader, E. 29.

The averment that the report of the commissioners was recorded as the decision of the commissioners, which record is remaining, &c., is not sufficient, it being an allegation of a record of a judgment or decision of the commissioners, and not of the probate court.

*Washburn*, of Vt., and *Cushing*, for the defendant.

The question is, if the matter pleaded is sufficient to bar the action.

1. The plea shows that the principal administrator, being in Vermont, the plaintiff's claim against the estate of Abel Barron is barred in Vermont by a judgment of a court of record, which admits of being duly authenticated under the law of the United States.

2. If the action were against Abel Barron, and not against his administrator, there could be no doubt about it. The demand being barred in Vermont by a judgment of a court of record, a copy of the record, duly authenticated, when produced in our court, would have the same effect as the record there, and would be a bar.

3. But it is said that there is no privity between the administrators in the two States, unless the decisions are in the highest

court of the State; that although the case of *Goodall* v. *Marshall* is authority to show such a privity, where the case in Vermont has been tried in the Supreme Court of that State, that it does not show any such privity when the judgment of the inferior courts has been acquiesced in, and not appealed from.

The plea, however, shows that the administrator in New-Hampshire was in fact a party to the proceeding in Vermont, and made the defence there, and this, we suppose, would establish a privity and bring the case within the principle of the case of *Goodall* v. *Marshall*.

We suppose, further, that by our statutes a privity is established.

The cases of *Woodham* v. *Edwards*, 5 Ad. & El. 771, and *Hartley* v. *Martin*, 5 Ad. & El. N. S. 247, seem to us to show that the laws of Vermont are at least pleaded as fully as is practiced by pleaders usually.


BELL, J.   It was held in this case, in 10 Foster 78, that the judgment of an inferior tribunal in another State, which does not admit of authentication under the law of the United States, though evidence, is not conclusive ; where it alleged that the decision of commissioners in another State is a judgment, it cannot be authenticated as a judgment under the laws of the United States.   A judgment in another State is not conclusive, unless it appears it was determined upon its merits.

The plea has been amended with a view to bring the case within that decision, by showing a judgment of the probate court. But the allegations in this respect are very guarded.   The probate court are said to have the power and duty to accept the report *as the decision of the commissioners,* or for cause to reject it *as the decision of the commissioners,* and if accepted, to order the same recorded in said court, *as the decision of the commissioners ;* and, again, *a judgment or decision of the commissioners,* accepted by the probate court *as the decision of the commissioners,* and ordered to be recorded as such, is, unless appealed from, a final judgment *of record of and in* the probate court, capable of authentication, and conclusive of the rights of all parties, and the plaintiff was thereby barred in Vermont.

Taylor *v.* Barron.

The caution with which these allegations are drawn shows the difficulty of the case.

Upon a careful examination of these pleadings, we think there can be no doubt that the plea does not set up any judgment or decree of the probate court upon the merits of the plaintiff's claim, as presented to the commissioners in Vermont; nothing in the allegations of the plea tends to show any proceeding whatever in that court, except the appointment of the commissioners, and the return, acceptance and record of their report. The plea does not set up any authority in the probate court to make any adjudication whatever upon the merits of the claims, or in regard to the claims in any way. It does not allege that there has been any decree or judgment of that court disallowing or sanctioning the disallowance of the plaintiff's claim. The final judgment now relied on is as it was before the pleas were amended; the decision of the commissioners, who by the plea are shown to be the tribunal, in whom vests the entire power in regard to claims against the estates of persons deceased, except in cases of appeal.

In the present form of these pleas, however, there is another question raised, whether the judgment of one tribunal, having power to make a decision, which, being accepted *as their decision*, and ordered to be recorded by another court upon their own records, is a final judgment, is, by reason of such acceptance and record, capable of authentication under the laws of the United States ?

By such acceptance and order the report clearly becomes a record of the probate court, and we suppose the basis of the action of that court in its subsequent decree of distribution. It is like the report of auditors, referees, commissioners, and committees, which are made to a court as the bases of their subsequent action—a record of that court.

By the act of Congress of May 26, 1790, " the *records* and judicial proceedings of the courts of any State shall be proved, or admitted," &c. The records as well as the judicial proceedings of any court, &c., are to be proved by the attestation of the clerk, &c. To admit of such authentication, they must appear

to be records of the court under whose seal they are certified, and nothing further is required. This point is established to our minds by the fact that when the courts of former times have been abolished, it has been usual, here and elsewhere, to provide that their records should be transferred to the new courts, and should become and be deemed records of these courts; and we are not aware that it has ever been questioned that the records of such former courts may be well authenticated as records of the new courts, to whose custody they have been transferred. As, then, these records are sufficiently shown to be records of the probate court, and as the records of that court may be properly authenticated, we think the objection in relation to that matter is sufficiently obviated.

It was before held, in accordance with the decisions in *King* v. *Chase*, 15 N. H. 1, and *Demerit* v. *Lyford*, 7 Foster 541, that the decision would not be conclusive in another State, or here, unless made upon the merits, and averments are introduced in the amended plea to meet this decision. At first reading, we thought they might be sufficient, but on examination they fall entirely short of any allegations, showing a trial or determination upon the merits. It is said Taylor insisted the claim was legally due him, and ought to be allowed, and did not withdraw, or in any manner discontinue the same; and Barron, in behalf of Russ, the administrator, insisted nothing was due, and resisted the allowance, and did not interpose any dilatory plea, or motion, and so the parties were at issue upon the merits, and the commissioners upon said issue, after hearing the parties, wholly disallowed the said claim. The parties were at issue upon the merits, and were heard. Is this necessarily a trial upon the merits, or would it be entirely true, if the claimant presented his claim, and Barron denied it, and there the matter ended. If the last, it would seem to be a judgment rendered not on a hearing on the merits, but on the failure of the claimant to prosecute his claim, by the production of his evidence. This is not a case where we may suppose an imperfect allegation is introduced by accident. The point was made material by the decis-

ion, and no doubt all is stated that the proof will justify; and it seems not to show a trial, or decision upon the merits.

If it was not, the judgment is not a bar here; it is at most evidence, which may be weighed under the general issue.

But, supposing it was a decision upon the merits, which might be shown by an amendment, and consequently on that ground a bar, the question arises, whether it would be a bar upon the principles of the common law in an action brought here against a representative, appointed here, of the estate, within this jurisdiction, of the same deceased party, and whether any change is made in this respect by our statutes.

We regard it as the law in this State, that successive administrators and executors are privies in law. The executor during whose nonage an administrator *durante minori œtate*, has been appointed, is a privy to such administrator. He is bound by a judgment rendered against him, and may take advantage by *scire facias* of judgments in his favor. The administrator *de bonis non* is privy to the original administrator, and the administrator *de bonis non* with the will annexed, is privy to the original executor. This we think results from the reasonable construction of our statute, which provides, Rev. Stat., ch. 161, sec. 11, that " suits in which an administrator [which includes an executor — Rev. Stat., ch. 167, sec. 1] is party, shall not be abated by reason of his death, or the extinguishment or revocation of his trust, but may be prosecuted or defended by the administrator who may succeed to the trust, who may be called into court by *scire facias*, in the same manner and with the same effect as in the case of the death of other parties." This we understand as establishing, between the executor or administrator who has deceased, or who has been removed or his trust extinguished, and the administrator who may succeed to the trust, the same relation as exists between parties deceased and those who represent their estates. *Wiggin* v. *Moulton*, 11 Foster 266 ; *Fotherley* v. *Pate*, 3 Atkinson 694.

To a great extent the same law exists in England under the statute, 17 Car. 2, ch. 2, sec. 2 ; 2 Tidd's Prac. 1031 ; *Clark*

v. *Withers,* 1 Salk. 323 ; S. C., 2 Ld. R. 1072 ; 6 Mod. 290 ; 1 Wms. Ex. 781, &c. ; *Stacy* v. *Thrasher,* 6 How. 60 ; and even without that statute, see Met. Yel. 33, note.

But the question here is entirely distinct, and we have turned to the decisions in England and in other States, to ascertain if any privity is recognized as existing between administrators appointed in different jurisdictions.

In England, administration may be granted in the province of Canterbury, or in that of York, or it may be granted in certain jurisdictions denominated "royal peculiars," like the city of London, which are entirely independent of the ecclesiastical courts ; and in Ireland administration may be granted in either of the four archiepiscopal provinces into which that country is divided. And if there are *bona notabilia* in each of these jurisdictions, administration must be granted in each. *Allison* v. *Dickinson,* Hard. 216 ; *Straw* v. *Stoughton,* 2 Lev. 86 ; S. C., Freem. 102 ; 2 Keb. 163 ; *Lee* v. *Moor,* Palm. 163 ; *Daniel* v. *Lucker,* Dyer 305 ; 1 Rolle 908 ; *Friske* v. *Thomas,* 1 Salk. 39 ; *Price* v. *Simpson,* Cro. El. 719 ; Went. Ex. 47 ; 1 Wms. Ex. 258. In all these cases administration granted in either of these provinces or peculiars is *void,* that is, without any operation whatever as to the estate of the deceased, which is not legally assets within that jurisdiction. *Stokes* v. *Bate,* 5 B. & C. 591 ; *Hathwaite* v. *Phaire,* 1 Scott 43 ; 1 M. & G. 159.

Movables are assets, where they happen to be at the decease of the owner ; chattels real, where the land is situate ; judgments and the like, where the records are kept ; bonds, &c., where the deeds are kept ; and simple contracts, including notes and bills, where the debtors reside. *Attorney General* v. *Bowers,* 4 M. & W. 171, *per* Ld. Abinger ; Story's Conf. of Laws 425.

And it has been held that an administrator, appointed in Ireland, where the debtor resided, cannot release a bond kept in London. It must be paid to the administrator in England. *Daniel* v. *Lucker,* Dyer 305 ; 1 Rolle 908 ; 11 Vin. 74. An administrator in Durham, in the province of York, cannot sue a debtor in London on a parol contract. Carth. 373 ; Camb.

Taylor *v.* Barron.

392 ; *Yermans* v. *Bradshaw*, 3 Bac. Ab. 38. An administrator, appointed in York, cannot bring *scire facias* in Queen's Bench on a judgment, because it is assets in the province of Canterbury. *Carlisle* v. *Greenwood*, 7 Mod. 15 ; and where an administrator, appointed in Chester, in the province of York, where the deceased resided, released a bond which was kept at London, it was held no bar in a suit by an administrator appointed by the Archbishop of Canterbury, the bond being assets in London. *Byron* v. *Byron*, Cro. Eliz. 472.

No case has been found in England where an administrator, appointed in one province, has attempted to bring an action founded on the idea that any privity existed between him and an administrator appointed in another province ; nor any case where a defence has been set up on that ground. The case of *Currie* v. *Bircham*, 1 D. & R. 35, is to the point, that the administrator in England has no right to the assets sent to England by the administrator in India.

In this country it is settled by many decisions, that our courts take no notice of a foreign administration, as conferring the right to sue or defend as executor or administrator ; and before either can be recognized as the personal representative of the deceased, he must be clothed with authority from the laws of the State in whose courts he desires to appear. Administration only extends to the assets of the intestate, within the State where it was granted. *Doolittle* v. *Lewis*, 7 Johns. Ch. 47 ; *Morrill* v. *Dickey*, 1 Johns. Ch. 156 ; *Smith* v. *Webb*, 1 Barber 230 ; *Hobart* v. *Con. T. Co* , 15 Conn. 145 ; *Chapman* v. *Hall*, 6 Hill 555 ; *Fenwick* v. *Sears*, 1 Cra. 258 ; *Dixon* v. *Ramsey*, 3 Cra. 310 ; *Graeme* v. *Harris*, 1 Dall. 456 ; *Picquet* v. *Swan*, 3 Mass. 460 ; *Ken* v. *Moore*, 9 Wheat. 566 ; *Vaughan* v. *Northup*, 15 Pet. 1 ; *Vermilyea* v. *Beatty*, 6 Barber 431 ; *Sabin* v. *Gilman*, 1 N. H. 193 ; *Naylor* v. *Moody*, 2 Black 247 ; *Cutter* v. *Davenport*, 1 Pick. 86 ; *Dodge* v. *Wetmore*, Bray 95 ; *Langdon* v. *Potter*, 11 Mass. 314.

As an administrator appointed in one State cannot sue in the courts of another State, so he cannot be sued in another State

---

Taylor *v.* Barron.

---

in that capacity. *Goodall* v. *Marshall,* 11 N. H. 88 ; *Norton* v. *Palmer,* 7 Cush. 523 ; *Brown* v. *Brown,* 1 Barb. Ch. 189 ; *Curle* v. *Moore,* 1 Dana 445 ; *Vermilyea* v. *Beatty,* 6 Barb. 429 ; *Norton* v. *Palmer,* 7 Cush. 523.

The administrator appointed in one State has no power over the property in another State. *Morrill* v. *Dickey,* 1 Johns. Ch. 153 ; *Doolittle* v. *Lewis,* 7 Johns. Ch. 45 ; *Goodwin* v. *Jones,* 3 Mass. 514 ; Story's Confl. Laws 422 ; *Smith* v. *Guild,* 4 Red. 443 ; *Goodall* v. *Marshall,* 11 N. H. 88 ; *Willard* v. *Hammond,* 1 Foster 385. He has no interest in debts due there ; *Thompson* v. *Wilson,* 2 N. H. 291 ; *Heydock's Appeal,* 7 N. H. 503 ; nor any authority to collect them; *Chapman* v. *Fish,* 6 Hill 555 ; *Cosby* v. *Gilchrist,* 7 Dana 206 ; *Moore* v. *Tanner,* 5 Monr. 42 ; *Smith* v. *Guild,* 4 Red. 443 ; *Sabin* v. *Gilman,* 1 N. H. 193 ; *Thompson* v. *Gilman,* 2 N. H. 291; *Heydock's Appeal,* 7 N. H. 503. He cannot indorse a note, so as to enable the indorsee to sue there; *Thompson* v. *Wilson,* 2 N. H. 291; *McCarty* v. *Hall,* 13 Miss. 480 ; *Stearns* v. *Burnham,* 5 Greenl. 261 ; *Harper* v. *Butler,* 2 Peters 239 ; *Trecothick* v. *Austin,* 4 Mason 16 ; *Picquet* v. *Swan,* 5 Pick. 65 ; nor can he discharge a debt so as to bar a suit by an administrator appointed there. *Vaughan* v. *Barritt,* 5 Vt. 133; *Thompson* v. *Wilson,* 2 N. H. 291 ; *Willard* v. *Hammond,* 1 Foster 385. If such administrator, appointed in another jurisdiction, recover a judgment against a debtor here in our courts, it is no bar to a suit by the administrator appointed here. *Pond* v. *Makepeace,* 2 Met. 116 ; *Borden* v. *Borden,* 5 Mass. 77. An administrator appointed in another State is accountable only according to the laws of that State. *Fay* v. *Haven,* 3 Met. 109 ; *Vermilyea* v. *Beatty,* 6 Barb. 429 ; *Sparks* v. *White,* 7 Humph. 25. He cannot, therefore, be sued elsewhere, even on a judgment against him rendered in the State where he was appointed. *Pond* v. *Makepeace,* 2 Met. 114 ; *Goodwin* v. *Jones,* 3 Mass. 514 ; *Cutter* v. *Davenport,* 1 Pick. 86 ; where he is charged in his representative character, and not *de bonis propriis.*

These rules, relative to the rights to commence suits and to

control or discharge debts, are to be understood as applying to the case of property and claims, which are assets by law, to be administered in this State. Where the property or debts of an estate, which are properly assets to be administered in another State, have vested in an administrator there appointed, it cannot be doubted that his right continues, notwithstanding the removal of the property or of the debtor into this State. *Talmadge* v. *Chapel*, 16 Mass. 71. And though such administrator cannot ordinarily maintain suits in his representative character here, he would probably have, like an assignee, a right to use the name of the administrator here, upon application to the court and giving security for his indemnity ; or, perhaps, without any sacrifice of principle, he might bring suits as administrator, introducing proper averments, showing his appointment abroad, and that the assets he claims rightfully belong to him to administer.

These cases are cited to show that the powers and duties and responsibilities of administrators are limited to the assets rightfully to be administered in the State of their appointment, and that they have no power by their acts or omissions to affect the assets elsewhere.

It follows, we think, very clearly, from these rules, that there is no privity between administrators deriving their authority under different governments. But it is not necessary to rely on inferences, however strong, since the question has been repeatedly the subject of judicial decision. Thus, in *Talmadge* v. *Chapel*, 16 Mass. 71, it was held, that an administrator in Massachusetts cannot maintain an action upon a judgment recovered by an administrator appointed in New-York, for want of privity. In *Apsden* v. *Ninon*, 4 How. 497, it was held that a decree in chancery in England, even if allowed the same effect as a decree in another State, between the representative in England and the claimant of the property, could not be evidence against the representative of the same estate in Pennsylvania ; because the representatives in England and in Pennsylvania were distinct, and the property in the controversy in the two countries is dis-

tinct. In *Stacy* v. *Thrasher*, 6 How. 44, *Grier*, J., says : Will debt lie against an administrator in one State on a judgment obtained against a different administrator appointed in another State ? The administrator receives his authority from the court of a State where the goods are situate. He is privy to the intestate, and bound by a judgment against him ; yet his representation of his intestate is a qualified one, and extends not beyond the assets of which the ordinary had jurisdiction. He cannot, therefore, do any act to affect assets in another jurisdiction, as his authority cannot be more extensive than that of the government from whom he received it. When administrations are granted to different persons in different States, they are so far deemed independent of each other, that a judgment obtained against one will furnish no right of action, against the other, to affect assets received by the latter by virtue of his own administration. Story's Conf. Laws, sec. 522 ; *Brodie* v. *Briskley*, 2 Rawle 431 ; 4 How. 467.

What is the faith and credit to be given to the judgment in another State under the Constitution ? In the State where recovered it is evidence, and conclusive between the same parties and their privies, and on the same subject when the proceeding is *in rem*. The parties in the case before us are not the same, nor are they privies. It is not true in fact, nor in legal construction, that the judgment is *in rem*, nor that the estate has any corporate unity. The judgment is against the person of the administrator that he shall pay the debt of the intestate out of the funds in his care. An administrator in another State may be subjected to a like judgment on the same demand, but the assets in his hands cannot be affected by a judgment to which he is personally a stranger. It is not even *primâ facie* evidence of a debt.

In *Hill* v. *Tasker*, 13 How. 466, *Wayne*, J., says : Between administrators, deriving their commissions to act from different political jurisdictions, there is no privity. 4 How. 467 ; 6 How. 44. An administrator, under grant of administration in one State, stands in none of these relations of privity to another administrator in another State. They have no privity with each other

Taylor *v.* Barron.

in law or estate. They receive their authority from different sovereignties, and over different property. The authority of each is paramount to the other. One does not come by succession to the other into the trust of the same property, incumbered by the same debts, as in the case of an administrator *de bonis non*, who may truly be said to have an official privity with his predecessor in the same trust, and therefore liable to the same duties.

These decisions are sustained by the language of the court to some extent by the case of *Goodall* v. *Marshall*, 11 N. H. 88, and 14 N. H. 161. In the first it is said: The ancillary administrator operating only upon the property within that jurisdiction, is throughout the whole proceeding, so far as creditors are concerned, to be governed by the law of the place. The administrator there receives his authority, not from the principal authority, but under a different law. Though it is said there *may be* a privity between them, which is not considered. And in the last the court say, that the legal connection of the ancillary administrator in New-Hampshire, or his relation to the principal administrator in Vermont, if any such connection should be thought to exist, is of the most uncertain and remote nature; existing only in a contingent liability to pay over and deliver the rest and residue of the estate, under the direction of the judge of probate.

There may be several representatives of the same deceased person; the administrator or executor as to the personal estate, and the heirs as to the real estate; but the administrator cannot bind the heir by his acts, *in pais* or in court, as to the indebtedness of the estate. An admission by the heir does not bind the administrator, nor the reverse, and a judgment in favor or against either, is not evidence for or against the other. *Osgood* v. *Manhattan Co.*, 3 Cowen 612; *Mason* v. *Peters*, 1 Mumf. 437, 455. The case of the heir and the administrator seems to us very closely analogous to that of two administrators in different governments. Each represents the same debtor, but in reference to different portions of the estate, and each is entirely independ-

ent and unconnected with the other, in relation to the property in which he has an interest.

The mere privity of two persons with the same third person creates no privity between them. The assignee of mortgaged property is a privy to the mortgager as to the property, and the administrator is privy to him as to the debt, but they are in no sense privy to each other, and neither is bound or affected by a judgment against the other.

Upon the principles of the common law, we have no doubt that a judgment, rendered in one State for or against an administrator there appointed, is *res inter alios*, as to an administrator appointed in another government, and as to the assets under his control. If any privity exists, it must be mutual. If one administrator is barred by a judgment against his cotemporary, the other must be entitled to sue on a judgment in his favor. Two or more administrators might therefore be entitled to bring actions on a judgment recovered by either. That this cannot be so is apparent from the fact that such suits and defences are unknown, when the occasion for them must be frequent. No forms of declarations or of pleas adapted to such cases have ever come to our notice.

The constitution and statute of the United States, relative to the proof and effect of judgments and judicial proceedings, have no bearing on this point. They are to have such faith and credit in every court of the United States as they have by law or usage in the courts of the State from whence the said records are or shall be taken. Their effect is neither to be increased or diminished. What, then, is, by the allegations of these pleas, the effect of the decision of the commissioners in this case ? The statement is, that by the matters and proceedings herein before set forth, the said claim of the said plaintiff was finally and forever barred in the State of Vermont. By the law and usage of Vermont, as set forth, the judgment has an intra-territorial operation, and no other. If, then, the court here regard it as the laws of that State regard it, — as a final bar in Vermont, — they give it all the effect the laws of Vermont give it. To hold it to be a

bar in New-Hampshire, is not to give it the same effect as in Vermont, but a more extensive effect. The Vermont law does not affect to regard it as a bar every where, nor any where out of their limits. Why should the courts here give it greater effect? It is a bar there as to the representatives of the estate there. To hold it a bar as to representatives elsewhere, is to make it conclusive upon one who was no party to it, and who does not derive his title from any one who was a party; upon one who had no notice of it, no opportunity to be present, or chance to be heard. To hold such a doctrine would be not to apply any common law doctrine of privity, but to create a new species of privity, to which there is nothing analogous in any of the doctrines of the common law. This view is distinctly held in the case of *Stacy* v. *Thrasher*, before quoted.

In the case of *Goodall* v. *Marshall*, 14 N. H. 161, it was decided by the Superior Court " that where a citizen of this State presents a claim to the commissioner of an insolvent estate in Vermont, where the intestate resided, and the administrator, having appealed from the commissioner's decision allowing the same, the case was tried on its merits, and judgment finally rendered in the Supreme Court of the State in favor of the administrator, that judgment constitutes a good defence to the same claim, by the same party, in this State, and an ancillary administrator here may plead such judgment in bar of its allowance;" and it is urged upon us that upon the same principle the decision of the commissioners should equally be a bar.

We think the conclusions to which we have arrived are somewhat in conflict with this decision; but it is not necessary here particularly to consider or question its soundness, because the court in that case expressly say: "Perhaps, had there been no further proceedings than the presentation of the claim to the commissioner in Vermont, and its disallowance by him, those facts would not have constituted a bar '"      ' wance here;" thus leaving the present case undecided      . think that decision cannot be extended beyond the ca      fore the court.

Finally, it is suggested that by the st      of      51, C. S. 414,

secs. 26, 27, a privity is established. These sections provide that in case administration be taken in this State on the estate of any person who was at his decease an inhabitant of any other State, and in case such person died insolvent, his estate found in this State shall, so far as practicable, be so disposed of that all his creditors, here and elsewhere, may receive each an equal share, in proportion to their respective debts. If it should be made to appear to any judge of probate in this State that claims have been duly proved against said deceased person in any other State, he shall be required to receive a certified list of such claims, when perfected in another State, and add the same to any list of claims which may have been proved within his own jurisdiction against said deceased person; so that said judge of probate may be enabled to make a just distribution of the property found in this State among all the creditors; provided that the benefits of this act shall not be extended to the creditors of any State, if the property of such deceased person there found shall not be equally apportioned to the creditors residing in this State with other creditors, according to their respective debts.

It may be observed that there is no allegation in these pleadings that by the law of Vermont the creditors residing in New-Hampshire are entitled to any share of the assets in that State.

The statute is a very crude and imperfect piece of legislation, introducing a system so full of hazard to the New-Hampshire creditors that it is to be hoped it may never be carried into effect; since in many cases it must compel those interested here to contest in distant States the groundless and fictitious claims which no one there is interested to oppose, while there is no provision giving them any notice of the proceedings, or opportunity to be heard. And it may well be doubted if any claims could be held duly proved in another State, as against the funds here, unless actual notice should be shown to the administrators here, and to the creditors here, of which a newspaper publication in Texas or Minnesota would furnish no evidence.

But this statute applies to the judge of probate; it does not affect in any way the duties, liabilities or relations of the admin-

istrator. Claims here are to be presented, provided and allowed precisely as if this act had not been passed. It does not make a judgment, or decision of the courts or commissioners, evidence in any hearing here. It provides nothing on that subject, and the whole question of this case stands unaffected by this statute.

We are therefore of opinion that the matter set forth in these pleas do not constitute a bar to the action, and there must be

*Judgment for the plaintiff.*