MORRELL AND OTHERS *against* DICKEY.

S. being about to sail on a voyage to the *West-Indies,* where he afterwards died, addressed a letter to M., containing the following clause : "A thousand accidents may occur to me, which might deprive my sisters of that protection which it would be my study to afford ; and, in that event, I must beg that you will attend to putting them in possession of two thirds of what I may be worth, appropriating one third to Miss C., and her child, in any manner that may appear most proper." This was held to be a valid will, especially after it had been proved as the last will of S., by the surrogate, and administration granted with the will annexed ; and that C., and her son, were each entitled to a moiety of one third of the personal estate of the testator, in the hands of the administrator.

Courts, in this state, do not take notice of letters testamentary, or letters of administration, granted abroad, or out of the state. Nor can a person appointed a *guardian* to an infant, in another state, be entitled to receive from the administrator, here, the legacy or portion of the infant.

The guardian must be appointed here, and give competent security, to be approved of by this court, before the payment of the infant's money will be ordered.

On a bill, by a legatee, where the defendant submitted to, and asked the direction of the court, his *costs* were ordered to be paid out of the fund.

*WILLIAM I. SWAN,* of *Charleston, S. C.,* being about to sail, as supercargo, on a voyage to the *West-Indies,* wrote a letter, dated *New-York, August* 31, 1810, addressed to *John Magrath,* which, among other things, contained the following clause : " My dear friend, a thousand accidents may occur to me, which might deprive my sisters of that protection which it would be my study to afford ; and, in that event, I must beg that you will attend to putting them in possession of two thirds of what I may be worth, appropriating the remaining part to Miss *C*\*\*\*\*, and her child, in any manner that may appear most proper." *Swan* arrived at the *Havanna,* and was there taken sick, and died, in the autumn of 1810, unmarried, and without lawful issue, leaving personal property to the value of about 8,000 dollars, over and above all debts, &c. ; part of which had been collect-

ed, and had come into the hands of the defendant, a citizen of *New-York.*

*Magrath,* to whom the testamentary letter was addressed, declined the executorship, and refused to take out administration on the estate of *Swan.* In consequence of which, the defendant, on producing the letter of *Swan* to the surrogate of the city and county of *New-York,* before whom it was fully proved as the last will of *Swan,* on the 21st of *June,* 1813, letters of administration, with the will annexed, were granted to the defendant, of the personal estate of *Swan,* in this state.

Miss *C.* having afterwards intermarried with *Morrell,* and residing in *Philadelphia,* with her son, *William,* she, with her husband, and her infant son, by *S.,* as his next friend, filed their bill, in this court, against the defendant. The bill further stated, that the sum of 1,634 dollars and 38 cents, part of the personal property of *W. I. Swan,* deceased, had come to the hands of the defendant, as administrator; that *Barbara Morrell,* one of the plaintiffs, had been appointed by the *Orphan's Court* of *Philadelphia,* guardian to her said infant son.

That she and her son were each entitled to receive their moiety of the one third of the money in the hands of the defendant, on giving security, by bond, or otherwise, to the administrator, as required by the laws of this state; that they had offered such security to the defendant; but the defendant objected, that he was advised that the appointment of Mrs. *M.,* by the *Orphan's Court* of *Philadelphia,* as guardian to her infant son, was of no force or validity in this state, and that he could not, therefore, safely pay over the infant's share to his mother, or any other person, without the special order and direction of the court; that the plaintiffs, if the court thought it necessary, were willing to become guardians to the infant, according to the rules of this court, and prayed to be appointed guardians, on giving the requisite security; that the defendant had, also

objected to paying any definite proportions of the property to Mrs. *M.*, or her son, because the share of each, by the said will, was indefinite ; and that although *Magrath* had a discretionary power to allot their separate proportions, the defendant, as administrator, had no such discretion.

1814.

MORRELL
v.
DICKEY.

The defendant, in his answer, admitted the facts stated in the bill, and submitted himself to the order and direction of the court.

The cause was submitted, by consent, to the court, on the bill and answer.

*Metcalf,* for the plaintiffs.

*Emmet,* for the defendant.

THE CHANCELLOR. This is an amicable suit, by the plaintiffs, as legatees, in and by the last will of *William I. Swan,* deceased, against the defendant, as administrator with the will annexed, and the case is submitted upon bill and answer.

1. The first point is as to the right of the plaintiffs (the mother and son) to the legacy, and the extent of that right. The will was in the form of a letter, addressed to *John Magrath,* at the time when the testator was setting out on a voyage from *New-York* to the *West-Indies,* where he died; and it contained the following clause : "A thousand accidents may occur to me, which might deprive my sisters of that protection which it would be my study to afford ; and, in that event, I must beg that you will attend to putting them in possession of two thirds of what I may be worth, appropriating the remaining third to Miss *C\*\*\*\*\*\*, and her child,* in any manner that may appear most proper." It is admitted that the two plaintiffs, *Barbara* and *William,* are the mother and child alluded to in the will. There is no doubt that the paper must be received and treated as a will, and that the plaintiffs are each entitled to an undivided

moiety of one third of all the estate of the testator. This, indeed, seems to be a point conceded by the case ; and the probate of the paper as a will, by the surrogate of *New-York*, is conclusive ; it being the judicial act of a competent court. (3 *Term .Rep.* 125. 1 *Vesey*, 287. 2 *Atk.* 324.)

2. Admitting the right, the next point is, whether the plaintiff, *Barbara*, has entitled herself to the portion of her infant son, as she has not been appointed guardian, nor given security, under the authority of this state, but applies as guardian appointed by the *Orphan's Court* of *Philadelphia*. It is well settled, that we cannot take notice of letters testamentary, or of administration, granted abroad, and that they give no authority to sue here. This is not only the law in *England*, but it has been very generally adopted in this country. (*Tourton* v. *Flower*, 3 *P. Wms.* 369. *Lee* v. *Bank of England*, 8 *Ves.* 44. *Goodwin* v. *Jones*, 3 *Tyng's Rep.* 514. *Riley* v. *Riley*, 3 *Day's Rep.* 74. *Fenwick* v. *Administrators of Sears*, 1 *Cranch*, 259.) This case is within the reason of that rule ; and the security taken in the *Orphan's Court* of *Philadelphia* may not be adequate to reach the property lying within this state. This court must judge, itself, of the security, before it directs the payment of the infant's money. The defendant would not be justified in paying the infant's money to the plaintiff, on the ground that she was the mother of the legatee. I had occasion, lately, to consider this point, in the case of *Genet* v. *Tallmadge*.* It is only in her character of guardian, duly appointed here, upon requisite security, that she can entitle herself to receive the legacy of her son.

My opinion, accordingly, is, that she is entitled, in her own right, to a moiety of *the third* of the testator's estate, and that the defendant, after deducting his taxable costs of this suit out of the one third of the sum of 1,614 dollars and 38 cents, admitted to have been received by him, be decreed to pay a moiety of the residue thereof to the plaintiff, *Barbara*. As the defendant is not in default, and has only

*Ante,* p. 3.

sought the direction of this court in a case proper for it, he ought to receive costs out of the fund; (a) and this is the course of the court in such cases. (*Whopham* v. *Wingfield*, 4 *Ves.* 630.) As to the remaining moiety of the third, belonging to the child, that must be paid into court, to the register, or assistant register, to abide the order of the court; and when the plaintiff, *Barbara*, is appointed guardian here, and gives the competent security, the money will be paid over to her.

(a) Vide *ante*, 45., *Tabele* v. *Tabele*.