DOOLITTLE *against* LEWIS and others.

Courts here do not recognise administrators, or executors appointed
by the Courts of other states.

But it *seems,* that an executor or administrator of a creditor, dying
in another state, having in their possession a bond, secured by a
mortgage on lands in this state, though they cannot sue in this
state, may lawfully receive payment and give an acquittance, with-
out first obtaining letters of administration in this state.

Where a mortgage of lands in this state, given to secure a debt due to
the mortgagee, residing in another state, contained a power to the
mortgagee, his executors, administrators, or assigns, in case of de-
fault of payment, to sell and convey the premises, according to
the laws of this state, this being a special power given by the
mortgagor, and not derived from the Court of another state, may
be lawfully executed in this state, by the executor, or administra-
tor of the mortgagee, appointed by the Court of Probates of ano-
ther state, where the mortgagee died ; the power, and the exercise of
it, is a matter of private contract between the parties, and not of
jurisdiction.

Where a person takes, by execution of a power, he takes under the
authority of the power, equally as if the power, and the instrument
executing the power, were incorporated in one deed.

THE plaintiff, who lived in *Hampton,* in the county of *January 24th.*
*Washington,* in this state, being indebted to *S. Hotchkiss,*
an inhabitant of *Rutland* county, in the state of *Vermont,*
gave a mortgage of land in *Washington* county, for secu-
ring the payment of 517 dollars and 83 cents, with inte-
rest. The mortgage contained a power to the mortgagee,
his executors, administrators, or assigns, in default of pay-
ment, to sell and convey the mortgaged premises, &c.
The mortgagee died intestate, and the defendants, *David*
*Lewis* and *Mary Ann Hotchkiss,* who had been appointed
by the Court of Probates of *Rutland* county, in *Vermont,*
administrators of his estate, the principal and interest being
due and unpaid, advertised and sold the mortgaged premi-
ses, by virtue of the power contained in the mortgage, and

according to the directions of the statute of this state. The defendant, *L. H.*, being the highest bidder, became the purchaser, for 726 dollars, and the administrators executed a deed to him accordingly. *L. H.* afterwards sold parts of the land to the three other defendants, who have taken possession, according to their respective rights. The bill alleged, that *D. L.* and *M. A. H.* were not administrators of the mortgagee, and that the defendants knew it. That all the proceedings were against the plaintiff's consent; and that the plaintiff is ready to redeem and pay the principal and interest due on the mortgage, to the *legal* administrators of the intestate. *Prayer*, that *D. L.* and *M. A. H.* be decreed to bring the bond and mortgage into Court, to be cancelled, on the plaintiff's paying the amount due to them; and that he be permitted to redeem; and that the other defendants surrender the possession of the premises, and account for the mesne profits, and for general relief.

The defendants, *D. L.* and *M. A. H.* answered, and the cause was brought to a hearing, on the bill and answer.

*Z. R. Shepherd*, for the plaintiff.

*Wendell*, for the defendants.

THE CHANCELLOR. The mortgage was given to *S. H.*, an inhabitant of *Vermont*, by the plaintiff, who lived in the county of *Washington*, adjoining that state. It contained a special power, authorizing the mortgagee, "his executors, administrators, and assigns," in default of payment, to sell and convey the mortgaged premises, "according to the law of the state of *New-York*." Upon the death of *H.*, the mortgagee, the defendants, *D. Lewis* and *M. A. Hotchkiss*, were appointed administrators of his estate, by the Judge of Probates of the county of *Rutland*, in *Vermont*, where the intestate resided and died; and they afterwards sold the lands, by virtue of the power contained in the

mortgage, and according to the directions of the statute of this state.

The case is brought to a hearing upon bill and answer, and there is no dispute about the facts. The principal point raised is, whether the administrators of *H.* were authorized to sell under the power, without previously taking out letters of administration in this state. But another question also arises, in connection with that point; and that is, whether the plaintiff be not now too late to raise the objection?

It is well settled, that a party cannot sue or defend in our courts, as executor or administrator, under the authority of a foreign Court of Probates. Our Courts take no notice of a foreign administration; and before we can recognize the personal representative of the deceased, in his representative character, he must be clothed with authority derived from our law. Administration only extends to the assets of the intestate, within the state where it was granted; if it were otherwise, the assets might be drawn out of the state, to the great inconvenience of the domestic creditors, and be distributed, perhaps, on very different terms, according to the laws of another jurisdiction. The authorities on this subject, were cited by me in the case of *Morrell* v. *Dickey*, (1 *Johns. Ch. Rep.* 153.) and I presume there is no dispute about the general rule; and the only difficulty lies in the application of it to this particular case.

*Administration extends only to the assets of the intestate, within the state or jurisdiction where it is granted.*

The sale was an act *in pais*, under a special power granted to a citizen of *Vermont*, and known and described as an inhabitant of *Vermont*. The authority to sell was derived from the power, and not from the Court of Probates of *Vermont*; and when the plaintiff gave authority to the mortgagee, and to his executors, administrators, and assigns, to sell, on default of payment, he probably meant only to describe the persons who might exercise the power; and an administrator in *Vermont* fulfilled the description

with as much precision and certainty, as an assignee residing there would have done. When the power declared that the sale was to be according to the law of this state, it had reference to the mode and time of the notice of sale, and to nothing more. I think there can be no doubt, that the mortgagor was competent to grant such a power to a foreign administrator, equally as it was competent for him to grant it to the foreign assignee. The whole authority rested upon the convention of the parties, and not upon the decision of any court. The exercise of the power was a matter of contract, and not of jurisdiction. And it is, besides, a well-founded principle, that, where a person takes by execution of a power, he takes under the authority of the power, equally as if the power, and the instrument executing the power, had been incorporated in one instrument. The title rests upon the act creating the power, and takes effect as if created by the original deed. (*Litt.* s. 169. *Co. Litt.* 113. a. *Cook* v. *Duckenfield*, 2 *Atk.* 562. 567. *Marlborough* v. *Godolphin*, 2 *Ves.* 78.) The doctrine has been carried (though with what propriety I do not now undertake to say) to this extent, that if a power to sell land be given to executors, and the heir of the testator enters and enfeoffs *B.*, who dies seised, yet the executors may sell, and the vendee will be in by the will, which is paramount the descent, which does not toll the power. (*Jenk. Cent.* 184. pl. 75. *Bro. Abr.* tit. *Devise*, pl. 36.) And in the case of a power by will, to an executor to sell land, the probate of the will is not necessary to the execution of the power, and adds no force to it; for the probate has no concern with the power, and relates only to the jurisdiction over the goods and chattels.

I am induced to think, therefore, that this case does not fall within the meaning or reason of the rule, requiring the personal representatives of a testator, or intestate, to obtain authority from the Court of Probates here, before they are competent to assert rights in a representative charac-

A *power* of sale, contained in a mortgage of land in this state, when the mortgagee resides and dies in another state, may be executed by his administrators, appointed in another state.

The exercise of such a power, is a matter of contract, not of jurisdiction.

A probate of a will is not necessary to the execution of a power to sell land, contained in such will.

ter in our Courts. The whole proceeding was extra-judicial, and founded upon private agreement. An executor, or administrator of a creditor, dying in another state, and becoming lawfully possessed, as part of his assets, of a bond given and secured by a mortgage upon lands in this state, is competent, as I should apprehend, to receive payment, and give an acquittance, without first resorting to the Court of Probates here. Can they not give a voluntary discharge of a mortgage, without clothing themselves with the office of an executor, or administrator, under the judicial authority of this state? And is not the policy of the law sufficiently answered, when our Courts refuse to lend their assistance to any authority not derived from our own laws, touching the administration and distribution of assets? If the parties can transact their own business, according to their own agreement, without asking the aid of our Courts, why may they not lawfully do it? It does not appear, that *H.*, the intestate had any personal or real property in this state for distribution; and of what use, then, would have been duplicate letters of administration? The bond was in *Vermont*, and owned there, and was assets to be distributed there, under the proper jurisdiction of their Courts: the land here was held only by way of mortgage, for the payment of the bond, and was but an incident to the bond. If a creditor of *H.* had sued out letters of administration in this state, he would have had nothing to administer. He could not have touched the mortgaged premises, for they belonged to the plaintiff; and he could not have enforced the lien and collected the money due upon the bond, for that power was a right attached exclusively to the lawful possessor of the bond, who was, in this instance, the foreign administrator, and who was responsible there, and not here, for the due and faithful administration of the assets.

2. But admitting the plaintiff might have been entitled to have had the proceedings under the power stayed, on a

*Margin note:* 1823.

DOOLITTLE
v.
LEWIS.

Though an executor or administrator appointed in another state cannot sue here; yet a voluntary payment to him, by a debtor in this state, is valid; and a discharge, or acquittance by such executor, is sufficient.

timely application to this court, I think he has waived that right, by sitting still, and passively suffering the sale to take place, and purchasers to acquire titles under the power. It is to be observed that the question as to the competency of the administrators to execute the power, depends upon a mere formal, or technical objection, and does not involve any substantial equity upon the merits. The notice was regular and sufficient, and the sale a fair one; and the plaintiff must be presumed to have had actual notice of the proceeding before the sale. He rests perfectly quiet, and suffers the sale to pass under his eye, and titles to be acquired and possessions taken under it, and waits for upwards of five years before he files his bill. There can be no doubt, that the sale amounted to a discharge of the debt, and the proceeds were received by the party entitled to receive them, and apply them to the satisfaction of the bond. There was colour, at least, for the power assumed by the administrators; and the statute declares, that every sale under the power, shall not be defeated, to the prejudice of any *bona fide* purchaser, in favour of any person claiming the equity of redemption. The notice of the sale, for the long space of six months, was intended, no doubt, principally, for the party, and to give him an opportunity, as well as to invite him, to come in and redeem; and if the proceeding was not warranted by the power, he might have arrested it by application to this

A sale under Court. If a mortgagor stands by and suffers the sale to
a power in a
mortgage, is fi-go on, and innocent men to purchase, in a case like this,
nal and con-he ought to be barred equally as if he had suffered a de-
clusive, as
against *bona* cree of foreclosure, by default, in this Court. It is the po-
*fide* purchasers.
It is a statute licy, as well as the language of the statute, that these fore-
foreclosure,
and bar of the closures and sales under a power, should, in cases free
equity of re-from fraud or gross irregularity, be held final and conclu-
demption.
sive. The first legislative regulation of sales under special powers, and the first sanction to them, was by the colony act of the 19th of *March*, 1774; and the legislature then

declared, that " many inconveniences might arise, if estates (held under sales made by mortgagees under such powers) should be redeemable in equity, and vexatious suits promoted, and *bona fide* purchasers ruined." A party comes too late to redeem, after the sale; and the case must be a very strong one, and with very persuasive equity, to let the mortgagor in to redeem, after such a sale by agreement, and such a statute bar.

1823.

DOOLITTLE
v.
LEWIS.

The objection itself must be taken, even in this Court, by way of plea, or demurrer, or answer, or at the hearing, or it will be deemed to be waived. And if the party sues as executor or administrator, without probate, or taking out letters of administration, the taking them *out,* at any time before the hearing, will cure the defect, and relate back so as to make the bill good from the beginning. (See the cases cited in 2 *Johns. Ch. Rep.* 18. 4 *Johns. Ch. Rep.* 551, 552.) In a light so merely formal is that omission viewed.

*A party suing as executor or administrator, without a probate, or letters of administration may take them out at any time, before the hearing of the cause, and it will be sufficient.*

I am, therefore, of opinion, upon every view of the case, that the plaintiff has failed in showing a right to redeem. This was the ground of his bill; though he has also stated, that the land sold for more than sufficient to pay the debt, interest and costs. But this last assertion is without proof; and the surplus, even upon his own *showing,* is very trifling, and not of itself a proper matter for a suit in this court. I shall, therefore, dismiss the bill as to the defendants who have appeared, except the administrators, *D. Lewis* and *M. A. Hotchkiss,* with costs; and as to them, since they are here before the Court, the plaintiff may, if he shall so elect, within forty days, and at his own peril and cost, have a reference, to ascertain whether any surplus be coming to him; and if he shall not so elect, that then the bill, as to those two defendants also, stand dismissed with costs.

Decree accordingly.