DUMELL (TOMBECKBEE BANK v.). See Case No. 14.081.

DUMMER (WOOD v.). See Case No. 17,944.

---

## Case No. 4,127.

### In re DUMONT.

[4 N. B. R. 17 (Quarto, 4).] [1]

District Court, E. D. Michigan. 1871.

BANKRUPTCY—FRAUDULENT MORTGAGE—COSTS
AND EXPENSES.

Where a mortgage for four thousand dollars was given, while only one thousand dollars was advanced upon it, and was recorded in full, it is prima facie evidence of fraud, and it was therefore *held*, that out of the proceeds of sale of the property seized, the marshal pay over to the petitioning creditors, or their attorneys, the amount of their reasonable costs, expenses, etc., incurred in the proceedings in this matter, and that the balance be paid over to the mortgagee.

[In bankruptcy. In the matter of Edward Dumont.]

H. B. Brown, for the creditors.

L. Bishop, for George Dahmer.

The property seized in this case consisted of a stock of millinery goods, and was covered by a mortgage to Dahmer for four thousand dollars; upon which Dahmer claims one thousand dollars, and interest at eight per cent. per annum from November, 1868. The goods were seized January 29, 1869; and February 13, 1869, were ordered to be sold by the marshal as perishable property, and were sold accordingly. On the sale the goods only brought eight hundred and thirty-three dollars and sixty-six cents, not enough to pay the amount claimed by Dahmer on his mortgage. There are no other assets; and conceding the mortgage to be valid, the question now is, whether the petitioning creditors shall be reimbursed out of the proceeds of the sale for their costs and expenses of the bankruptcy proceedings.

Costs in bankruptcy are left by the act entirely in the discretion of the court, and questions arising in relation to them must be disposed of upon equitable principles. This matter came before the court in March last, upon the petition and answer above, and it

was then held that the right of the petitioning creditors to be reimbursed for their costs, out of the fund arising from the sale of the goods, would depend upon the question whether they had probable cause to take and prosecute their proceedings in bankruptcy, as against the rights of the mortgagee. It cannot be denied, upon authority, as well as principle, that if the mortgagee allowed the mortgaged property to be so used and managed, and the mortgage itself to be placed, and continued, upon the records in a condition to induce in the minds of reasonable men a suspicion or belief that the mortgage was intended as a mere cover to protect the property of the mortgagor from his creditors, and the creditors having acted upon such suspicion or belief, the creditors should be reimbursed their costs and expenses out of the mortgage fund, notwithstanding the mortgage is eventually held to be valid, there being no other assets. See Redf. Wills, 493-495; 1 Johns. Ch. 153; 6 Ves. 349. At the hearing in March it was referred to the register to take proofs as to such probable cause, and the question is now to be disposed of upon the proofs taken.

The question now is, not whether the mortgage was actually fraudulent and void as against creditors, but whether the creditors had reasonable cause to believe it to be so? Was there reasonable ground for suspicion as to its bona fides?—such ground as a man of ordinary intelligence, exercising ordinary care and diligence, would be justified in acting upon? The proofs show that the mortgage was given for four thousand dollars, while only one thousand dollars was advanced upon it. How this came to be done is satisfactorily explained as far as the mortgagee is concerned; but the fact remains that the mortgage was placed upon the public records, without any explanation concerning it to show that it was an incumbrance upon the debtor's property for only a fourth of what it appeared to be on its face. In this form it was notice to all the world that the mortgagee claimed an incumbrance on the debtor's property of four thousand dollars. It does not matter that only one thousand dollars is claimed. It was permitted by the mortgagee to appear to be a claim for the larger amount. Such exaggerated incumbrance is prima facie fraudulent as against the creditors of the mortgagor. The Sampson [Case No. 12,279].

It would have been a very easy matter for the mortgagor to have indorsed upon the mortgage a statement of the facts, so that it would not appear to be more than it actually was, and he should have done so. Having omitted this precaution, he cannot complain that others have acted upon his omission and taken his mortgage for what it appeared on its face to be—a fraud upon the creditors of the mortgagor. This one circumstance is sufficient alone to dispose of this question of costs in favor of the creditors. But there

---

[1] [Reprinted by permission.]

are numerous other appearances of fraud in the future conduct of the parties in relation to the mortgaged property, each of which was sufficient to justify the creditors in proceeding as they did in relation to it; such as the stock remaining in the hands of the mortgagor a considerable time after the maturity of the mortgage; the amount of stock being at the same time rapidly reduced and no payments made upon the mortgage debt; no efforts being made by the mortgagee to take possession of, and sell the goods under the mortgage until creditors became pressing and attachments were imminent.

It is unnecessary to consider in this case the question of the right of creditors, proceeding against their debtor in bankruptcy, to, cause mortgaged property to be seized and sold in any case where there are no other assets, and I therefore express no opinion upon that point. The creditors were clearly justified in proceeding as they did in this case, for the reasons above stated, and are entitled to be reimbursed for their reasonable costs and expenses, out of the funds arising from the sale of the property seized. Let an order be entered directing the marshal, out of the proceeds of the sale of the property seized in this case, to pay over to the petitioning creditors, or their attorneys, the amount of their reasonable costs, expenses, and disbursements paid or incurred by them in the proceedings in this matter, including the said sale, upon presentation to him of a taxed bill of the same, and take a receipt therefor, and that he pay over to George Dahmer, as mortgagee of said goods, or his attorney, the balance which shall remain after paying such costs and expenses aforesaid, and take a receipt therefor, and file all receipts taken by him, in pursuance of said order, with the clerk of this court, together with a full report of his doing in the premises from and including the said sale.