SUMNER ALBEE *vs.* ORPHEUS HOLMES & others.

A conveyance to a trustee to hold for the use of A.'s wife and children and their heirs, and
    upon the further trust that the trustee shall convey to such persons as the said A. and
    his wife or the survivor of them shall in writing direct, creates a trust subject to be deter-
    mined by an appointment in writing by A. after his wife's death.

  BILL IN EQUITY by a trustee appointed by the Probate Court,
seeking for the instructions of this court.

  The bill alleged that November 1, 1839, Dexter Fairbanks
being seised in fee of a certain parcel of land situated on
Prospect Street in Cambridge, conveyed it to one Henry Pren-
tiss, then of Boston :  " To have and to hold the same to the said

Prentiss, his heirs and assigns forever, to the use and upon the trusts and confidences following, and for no other purpose whatever ; that is to say, for the use and benefit of Sally G. Holmes, wife of Orpheus Holmes, Sarah Maria Holmes, daughter of said Orpheus by a former wife, Chester D. Holmes, Adaline Holmes, Henry O. Holmes, and Betsey C. Holmes, children of said Orpheus by his present wife, Sally G. Holmes, and such other children as said Orpheus may lawfully hereafter have by his present or any other wife, and for the use and benefit of the heirs and assigns of the said Sally G., Sarah Maria, Chester D., Adaline, Henry O., Betsey C., and of such other children as said Orpheus may hereafter have as aforesaid, and upon the further trust and confidences that the said Prentiss shall convey the above described premises or any part thereof to such person or persons as the said Orpheus and Sally G. Holmes or the survivor of them shall in writing direct, and not otherwise." The bill then alleged that Orpheus had no other children by Sally G. than these named in the deed; that Sally G. died about the year 1841; that Sarah Maria was also dead, leaving as her only heir at law a daughter, now Helen Maria Hayden; that Orpheus and Sally G. and their children and Sarah Maria occupied the estate until the death of Sally G. ; that November 17, 1842, Orpheus was married to Martha Ann Dodge, who has borne him four children, Anna C. D. Holmes, K. Ella Holmes, Allan B. Holmes, and Esther B. Holmes, the last of whom was a minor over fourteen years of age ; that Orpheus separated from his wife, January 14, 1862 ; that Prentiss long ago died ; that Orpheus, until after the appointment of the plaintiff as trustee of the estate, always continued in possession of it, and had taken the rents and profits to his own use ; that the plaintiff was appointed trustee November 28, 1871; that he took possession of the premises, and has been in receipt of the rents and profits from that date, paying the taxes and expenses, and holding the balance for the parties entitled thereto.

The bill set out the claims of the different parties above named, which are not now materia., and asked for instructions as to the meaning of the trust deed, and as to what he should do with the

proceeds; and alleged that he had been directed in writing by Orpheus, February 21, 1872, to convey the property to Edward W. Drew, discharged of the trust. As to this he also asked instructions.

The case was reported to the full court by *Endicott*, J., for the construction of the deed, and directions to the trustee.

*T. S. Dame*, for Orpheus Holmes.

*N. Morse & W. E. L. Dillaway*, for the children by Martha Ann Dodge.

*G. Putnam, Jr.*, for E. W. Drew.

*A. A. Dame*, for other parties in interest.

ENDICOTT, J. The true construction of this deed is, that the land was conveyed to Prentiss to hold upon trust for the use of Sally G. Holmes, wife of Orpheus Holmes, and the children of Orpheus by her and by a former wife, and such other children as he might thereafter have by said Sally or any other wife. But this trust is subject to be determined by the power given to Orpheus and his wife Sally, or the survivor of them, to dispose of the interest vested in Prentiss the trustee, and to direct him to convey the estate to such person or persons as they or the survivor of them might in writing appoint to receive it. Such writing, when properly executed and delivered to the trustee, imposes upon him the obligation to convey the estate to the person appointed.

The person so appointed takes under the original deed in the same manner as if his name had been inserted in the power created by the deed, as the person to whom the trustee should convey when directed to do so in writing. *Doolittle* v. *Lewis*, 7 Johns. Ch. 45. *Burleigh* v. *Clough*, 52 N. H. 267.

The plaintiff being the successor of Prentiss, and subject to all the duties imposed by the deed on Prentiss, must convey to the appointee named by Orpheus; it appearing that Sally his wife is dead, and that the power has been well executed by him.

It is unnecessary to consider the numerous questions argued at the bar respecting the character of the trust, and whether after born children could come within its provisions, as the trust is determined by the execution of the power.

There must therefore be a decree accordingly; the terms thereof to be settled before a single judge.