MARION B. HOLYOKE, AS EXECUTRIX, &C., OF GEORGE E. HOLYOKE, RESPONDENT, *v.* UNION MUTUAL LIFE IN-SURANCE COMPANY, APPELLANT.

| 22 | 75 |
| 57 | 98 |
| 22 | 75 |
| 83 | 140 |
| 145a | 569 |

*Assets—pass to the administrator appointed in the State where they are situated —a foreign executor cannot sue to recover them.*

George Holyoke died on May 7, 1875, at Brooklyn, leaving a will, letters tes-tamentary upon which were duly issued to the plaintiff by the surrogate of Kings county.  Thereafter, and on October 5, 1875, letters of administra-tion, with the will annexed, were duly issued to one Bonney by the Probate Court of Cumberland County, Maine.  On January 17, 1871, one Perkins, a resident of the State of Maine, had assigned to Holyoke all his right, title and interest in and  to a paid-up policy of insurance issued upon his life by the defendant.  This assignment was, at the time of Holyoke's death, within this State, and it was, subsequently thereto, received by the plaintiff.   The policy was, at the time of his death, in the State of Maine, aud the same was subsequently received by the administrator there appointed, and by him assigned to another person.

In an action brought  by the plaintiff, after the death of Perkins, to  recover the amount due upon the said policy,

*Held*, that, whether the assignment of  the policy was an absolute one, or was only intended to secure the payment of a sum due from Perkins to the tes-tator, the policy, or the debt so secured, was  assets  in  the State of Maine, and passed to the administrator there appointed, by whom alone any action to collect the amount due upon the policy must be  brought.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

On the 17th day of January, 1871, Alfred S. Perkins, by an instrument under his hand and seal, assigned and transferred unto George E. Holyoke all his right, title and interest in and to a paid-up policy of insurance for $\frac{7}{15}$ of $2,500, issued upon his life by the defendant.   George E. Holyoke died at 201 Adelphi street,

Brooklyn, New York, on May 7, 1875, where he had lived continuously for sixteen years prior thereto, having his office in the city of New York. He left a last will and testament, in and by which he devised and bequeathed his whole property to his wife, the plaintiff, subject to certain trusts, which will was admitted to probate, and upon which, on June 8, 1875, letters testamentary—reciting that said deceased was at the time of his death an inhabitant of the county of Kings, and the administration of all and singular the goods, chattels and credits of the said deceased belonged to the surrogate of said county—were duly issued to the plaintiff. After the death of Mr. Holyoke the assignment was found among his effects at his South street office, in the city of New York, and was delivered to the plaintiff, and has been in her possession ever since. October 18, 1878, Alfred S. Perkins died. The plaintiff immediately gave proper proofs of his death to the defendant, and has duly performed all the conditions required of her by the policy.

The defense interposed was that the assignment in question was a collateral assignment only, to secure Perkins' indebtedness to Holyoke ; that letters of administration, with the will annexed, upon the estate of Holyoke, were on October 5, 1875, issued to one Percival Bonney, by the Probate Court of Cumberland county, Maine. That the amount due to Holyoke had been paid and that the policy, which was in the State of Maine at the time of his death, had been by Bonney assigned to, and was now held and owned by, another person, residing in the State of Maine.

*Merritt E. Sawyer*, for the appellant.

*Edward B. Cowles*, for the respondent.

GILBERT, J. :

It is apparent that at the time of the death of George Holyoke, the legal title to the policy in controversy was vested in him. He held a written assignment of the policy, and in contemplation of law it was in his possession. The assignment was received among other assets of the testator by his executrix, who is the plaintiff in this suit. The policy, however, was in the State of Maine when the testator died, and was received by an administrator of his goods,

&c., with his will annexed, who had been appointed by a Probate Court in that State. The assured having died, conflicting claims have been made against the defendant for the amount due upon the policy —one by the plaintiff, and another by one who holds an assignment of the policy made by the administrator in Maine. The separation of the policy from the assignment thereof to the testator has no legal significance, for each claim is based upon the fact that the testator was vested with the legal title to the policy when he died. The case has been argued upon both sides as if it depended upon the question whether the assignment was an absolute one, or one given as collateral security for the payment of a debt of the assignor. But we think that whether the assignment was absolute or defeasible, the Maine administrator became vested with the title to the policy to the exclusion of the plaintiff. If the assignment was given as collateral security for a debt of the assignor, the debt was the asset, and the assignment of the policy was only an incident thereof. The debtor being a resident of Maine, no one could enforce payment of the debt in the courts of Maine, or release or control the same, save an administrator appointed in that State, for an administrator appointed in one State has no power over property in another State. (*Morrell* v. *Dickey*, 1 Johns. Ch. 153; *Doolittle* v. *Lewis*, 7 Id., 45; *Chapman* v. *Fish*, 6 Hill, 555; *Beers* v. *Shannon*, 73 N. Y., 292–299.) If the assignment is absolute, the policy is the thing which formed a part of the property of the testator. The assignment is only a muniment of title to that property, and must follow the thing assigned. If the testator had left a chattel in Maine which remained in that State until after his death, it is clear that the chattel would belong to an administrator in Maine as against an administrator in New York, although a bill of sale transferring the chattel to the testator was found among his papers in New York, because administration of the property of deceased persons can be had only in the jurisdiction where the property is found after the death of such persons. The fact that the property in controversy is a chose in action makes no difference in the rule of law on this subject. (*Cases supra.*)

The judgment should be reversed, and a new trial granted, with costs to abide the event.

Present—BARNARD, P. J.; GILBERT and DYKMAN, JJ.

Judgment reversed and new trial granted, costs to abide event.