WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—December, 1885.

JOHNSON *v.* BORDEN.

*In the matter of the application of* MILBANK JOHNSON, *an infant, for the appointment of a general guardian.*

Code Civ. Pro., § 2822, prescribing the contents of a petition, by an infant of the age of fourteen years, or upwards, for the appointment of a general guardian of his person or property, or both, justifies the Surrogate's court of a county wherein property of a non-resident infant of the requisite age is situated, in entertaining such an application in his

behalf, independently of the law of any other state, or proceedings thereunder; although a regard to inter-state comity would suggest that, where a foreign·guardianship of the person has been created and remains in force, the appointment should be confined to the property of the applicant.

A petition by an infant, under Code Civ. Pro., §§ 2822, 2823, for the appointment of a general guardian of his property, should mention the amount of property to which the infant is entitled within this State, so as to enable the court to fix the penalty of the official bond.

Where an infant of the age of fourteen years, or upwards, petitions for the appointment of a general guardian, and it appears that his father is a resident of a distant state, and that there exists such a feeling of antagonism between the two as to induce the belief that the petitioner's welfare will be best subserved by the appointment of another person, the claims of the father will be disregarded.

THE petition of Milbank Johnson showed that he was an infant, over fourteen years of age, residing at Elgin, in the state of Illinois; that he was entitled, under the will of Gail Borden, late of Westchester county in this State, deceased, to certain property situated in that county; that the petitioner's father, Jahu W. Johnson, was appointed his general guardian in Harris county, in the state of Texas, on or about December 7th, 1880, and that ancillary letters of guardianship were granted to the latter by the Surrogate of Westchester county, on December 17th, of the same year, and that said guardianship had expired by reason of said petitioner having arrived at the age of fourteen years; that his father resided in the state of Texas, and that his mother was dead; that two brothers of the petitioner, who were also wards of their father, on arriving at full age, were obliged to resort to legal proceedings against said guardian, to obtain their rights, and that he, the petitioner, had not confidence in said guardian's management or control of his property, or in his integrity as such guardian; and prayed

for the appointment of H. Lee Borden, of the city of New York, as his general guardian.

J. W. Johnson, father of petitioner, having been duly cited, filed an answer to the petition, in which he stated, among other things, that H. Lee Borden was a resident of Chicago, in the state of Illinois, and not of the city of New York, and that petitioner's legal residence was Houston, in the state of Texas; that he was by the laws of that state, the guardian of the person of said infant; that Borden was an improper person to be the guardian of the infant; and that he and the infant were adversely interested in the estate of Gail Borden, deceased.    On these grounds, he opposed the appointment of Borden as guardian.

M. G. HART, *for petitioner.*

L. C. PLATT, *opposed.*

THE SURROGATE.—The courts of this State have always striven to carefully guard the property of minors, situated within their jurisdiction.    Formerly, a person appointed guardian of an infant, in another state, was not entitled to receive from the executor or administrator here, the legacy or share of the infant (Morrell v. Dickey, 1 *Johns. Ch.*, 153 ; McLoskey v. Reid, 4 *Bradf.*, 335).    Now, however, by §§ 2838, 2839 and 2840 of the Code of Civil Procedure, provision is made for the issuing of ancillary letters of guardianship to a guardian of an infant residing in another state, duly appointed in such state, where the Surrogate is satisfied that it will be for the ward's interest that such ancillary letters be issued.    Such

letters authorize the guardian to remove the ward's property from this State.

By § 2828 of the Code, it is declared that the office of a guardian of a minor under fourteen years of age shall expire when the minor shall become fourteen. Conceding that the legal residence of the petitioner is in the state of Texas, the laws of that state provied that, when he becomes fourteen, he may choose his guardian (Rev. Stat., 1879, art. 2510). Hence, the petitioner could apply to the proper court there, for the appointment of such guardian. He is, therefore, free to make such application to any court, in any state, where, by law, it is permitted to him. In this State, it is provided, by § 2822 of the Code, that he may apply to the Surrogate's court of the county in which his property, real or personal, is situated, where none has been appointed by a court of competent jurisdiction of the State, for the appointment of a general guardian of his person and property, or either. It thus seems that this court may properly entertain the application of the petitioner.

Indeed, independently of the law of any other state, or proceedings under it, the section last referred to seems to confer such power on this court; but if the law of such other state clothed the guardian there appointed with power over the person of the ward until he attained the age of twenty-one years, doubtless, a due regard for inter-state comity, would prompt the court to confine the appointment here to a guardianship of the estate only; for it would be an anomaly to have two guardians of the

person, residing in different and widely separated states, while it may be perfectly proper in reference to property.

The petition seems to be defective in not stating the amount of property to which the minor is here entitled, so that the court may be enabled to fix the amount of the penalty of the bond. That defect, however, may be cured by supplying the needed proof. The place of residence of the proposed guardian, and his fitness for the office, seem to be questioned. Those are matters of detail, concerning which I will hear proof, unless some unobjectionable person shall be agreed upon. As the petitioner and the proposed guardian are said to have precisely similar interests, differing in degree only, in the estate of Gail Borden, it is not apparent how such interests are in conflict.

The father of the petitioner is a resident of a distant state, and while he might, notwithstanding that fact, be able to attend properly to the interests of the petitioner here, still, the papers before me disclose the existence of such a feeling of antagonism between them, as to induce the belief that the welfare of the petitioner will be best subserved by the appointment of some other person.