ROSALIE FEUSTMANN, EXECUTRIX, v. THE ESTATE OF JAMES B. GOTT, DECEASED.

*Estates of deceased persons—Affidavit of publication—Probate of foreign will—Claim against estate—Contract of guaranty.*

1. An affidavit averring due publication of a probate order once in each week for three successive weeks, the first insertion being on March 20, and the last not being given, but the jurat bearing date April 10, is sufficient proof of such publication.

2. A foreign executrix applied for appointment as administratrix with the will annexed, the petition being made and signed by her attorneys in her behalf, and averring the probate of the will in Pennsylvania, in which she was named executrix, and that a duly-authenticated copy of the will and probate was then filed in the probate court to which the petition was directed, and that there was a certain amount of the assets of the estate to be administered in the county where the application was made.

    *Held*, that the petition was properly signed, and sufficiently showed the petitioner to be a person interested in the estate, and that a copy of the will was presented to the judge of probate, in which such interest appeared.

3. A foreign executor may file a claim due the estate he represents against an estate in this State before probate of the foreign will, which only furnishes *evidence* of his existing rights under the will, and if such evidence is furnished on the trial it will be sufficient.

4. A party signed an order for the shipment to a milliner of a bill of goods ordered by her, in which he agreed to be responsible to the amount of $300, and afterwards consented in writing to an extension of the credit given. In a suit to recover the amount it was claimed that the entire bill ordered was not sent, but other goods were substituted for a portion of the bill.

*Held* immaterial, so long as the order as filled did not exceed the sum of $300.

Error to Washtenaw. (Joslin, J.) Argued April 6, 1887. Decided April 28, 1887.

Claim filed against estate of deceased person. Allowed in probate and circuit courts, and judgment affirmed on error brought by the administrator. The facts are stated in the opinion.

*Edward A. Gott* (*William H. Wells,* of counsel), for appellant.

*Sawyer & Knowlton,* for claimant.

SHERWOOD, J. In the month of April, 1881, Mrs. A. M. Crane resided in Ann Arbor, and was engaged in the millinery business. She had negotiations with Feustmann & Kaufmann, of Philadelphia, a firm in that city, engaged in trade in that kind of business, for the purchase of a bill of millinery goods to the amount of $300 on four months' time. Feustmann & Kaufmann, however, declined her order, unless she secured the payment therefor, and for that purpose she obtained and forwarded to the Philadelphia firm the following letter of James B. Gott, viz. :

"ANN ARBOR, April 29, 1881.

"MESSRS. FEUSTMANN & KAUFMANN,—

" *Gents:* Please send the bill of goods ordered by Mrs. A. M. Crane, and I will be responsible to the amount of three hundred dollars.

"Yours truly,

"JAMES B. GOTT."

This she inclosed to Feustmann & Kaufmann in her own letter, requesting them to forward the goods ordered by express.    On the receipt of the letter the goods were immediately forwarded to Mrs. Crane at Ann Arbor.    In her letter inclosing Mr. Gott's, she says:

"I inclose the letter, and request the privilege to return any portion of the order that is not what I ordered, or do not think I need."

On the invoice of the goods sent to Mrs. Crane appears the following statement made by F. & K.:

" A few articles ordered were sold out when your order reached us.    Wherever we could, we substituted; sending you in all cases desirable numbers and patterns."

On the nineteenth of May following a small invoice of goods was returned by Mrs. Crane, amounting to $11.55, and on the twentieth goods were sent in exchange to the amount. of $11.05.

On the ninth of August, 1881, Feustmann & Kaufmann wrote Mr. Gott that Mrs. Crane's indebtedness—

" Will be due, as per terms of four months, on September 3 next.    Mrs. Crane wants me to grant her an extension of time.    We are willing to allow her until October 1, if you are willing that such should be done."

And on the eleventh of the same month, Mr. Gott answered as follows:

"ANN ARBOR, August 11, 1881.
" MESSRS. FEUSTMANN & KAUFMANN,—
" *Gents :*    You have my consent to extend the time on the bill of Mrs. Crane, of this city.
"Respectfully,
" JAMES B. GOTT."

Feustmann & Kaufmann, on the eleventh of October, 1881, notified Mr. Gott that the bill had not been paid, and that they should look to him for payment.    After this, and in December, 1881, Kaufmann died, and within a week thereafter Feustmann died.    A few months later James B. Gott

died; and against his estate the claim is presented for allowance by the representatives of the Feustmann & Kaufmann interest. One of Feustmann's executors, Mr. Silbermann, died in the spring of 1884, and the claim is now being prosecuted by Mrs. Rosalie Feustmann as executrix. It was first brought before commissioners duly appointed upon the estate of James B. Gott, and allowed, and on appeal to the circuit it has been three times tried, and the proceedings upon the last trial, wherein the claimant prevailed, are now before us for review.

Bernard H. Feustmann owned and had control of the claim as surviving partner at the time of his death. He made a will, and died in the city of Philadelphia, where the same was duly probated, in 1881. Mrs. Feustmann and said Silbermann were appointed executors, and in 1885 the will was probated in the county of Washtenaw, and Mrs. Feustmann was by the probate court duly appointed executrix, being named as such in the will. The proceedings in the case now before us were had in the Washtenaw circuit at the October term, 1886.

It is first claimed by counsel for the administrator that the court erred in admitting in evidence the proceedings had in the probate court on the appointment of Mrs. Feustmann executrix of her husband's will in this State, and he states his reasons as follows:

"1. The record did not show that the entire record of the Pennsylvania court was before the probate court for the county of Washtenaw.

"2. The affidavit of publication was defective, in that it did not set forth distinctly the dates of publication, so that it can be known to the court whether it was published for three successive weeks.

"3. The petition is not signed by the petitioner. It does not appear that the will was produced by the executor, or any other person interested in the will.

"4. If the proceedings were regular, they gave the appellee no standing to prosecute the claim in the Washtenaw circuit court."

It is not claimed that the order made by the judge of probate was insufficient, or that the publication thereof was imperfect, and as against the objection taken to the evidence of proper publication we think the affidavit was sufficient.[1] See *Wilkinson v. Conaty, post;* also *Snyder v. Hemmingway,* 47 Mich. 549.

The petition is made by Mrs. Feustmann, the widow of the testator, by Sawyer & Knowlton, as her proctors, and is so signed, and avers that the will of her husband was duly probated in the state of Pennsylvania; that she is one of the executors named therein; and that a duly-authenticated copy of said will, and the probate thereof in the state of Pennsylvania, was then filed in the probate court to which the petition was directed; and prayed that she might be appointed administratrix in Washtenaw county, with the will annexed, where there was $400 of the estate to be administered.

We think the petition was properly signed, and sufficiently showed Mrs. Feustmann to be a person interested in the estate, and that a copy of the will was produced to the judge of probate, in which her interest appeared; and that the proceedings had upon the petition sufficiently authorized her to prosecute the claim in question against the estate of James B. Gott, before the commissioners, and in the circuit court on the appeal. It is not material whether the claim was presented by Mrs. Feustmann before or after letters of adminis-

---

[1] " State of Michigan, } ss.
"County of Washtenaw, } ss.

" H. E. H. Bower, one of the publishers of the Ann Arbor Democrat, a newspaper printed and circulating in the county of Washtenaw, being duly sworn, deposes and says that the annexed notice, taken from papers in which it was printed and published, has been duly published in said paper at least once in each week for three successive weeks, and that the first publication thereof was on the twentieth day of March, A. D. 1885, and the last publication thereof was on the ——— day of ———, A. D. 188—.

"H. E. H. Bower.

"Sworn to and subscribed before me this tenth day of April, A. D. 1885.                    M. Seeley,
"Notary Public for said County."

tration were granted to her here, so long as she was named executrix in the will, which gave her the claim against the estate of Gott.   The probate of the will here only furnished the evidence of her rights already existing; and, if this evidence was furnished on the trial, it was all that was necessary.   *Parsons v. Lyman*, 20 N. Y. 103; *Reynolds v. McMullen*, 55 Mich. 577; *Wilkins v. Ellett*, 9 Wall. 740; *Doolittle v. Lewis*, 7 Johns. Ch. 49; *Mower's Appeal*, 48 Mich. 447.

The second point of counsel for defendant is—

" That the court should have directed a verdict disallowing the claim, for the reason that there was no competent evidence of any liability on the part of the decedent [James B. Gott] upon the alleged guaranty."

It is claimed that the Philadelphia firm should have sent all the goods Mrs. Crane ordered, and it must then appear that she failed to pay for them, before any liability could be created upon the guaranty of Mr. Gott.   Whether this position is correct or not, it is not necessary to determine, as the testimony clearly tends to show that the ordered goods were received by Mrs. Crane, and that Mr. Gott consented to remain liable therefor on an extension of time for payment granted to Mrs. Crane by Feustmann & Kaufmann at her request.   It was not necessary to produce the original order Mrs. Crane made for the goods, to identify what were sent and delivered to her.   It was competent to show that by other testimony, which was done in this case.   And if the particular goods ordered were not all sent, but a few of other kinds were made to take the place of those not furnished, so long as the order as filled did not exceed the sum which Mr. Gott became liable to pay, it could make no difference to the guarantor.   His liability was limited by the amount stated in his written promise; and if, by the action of Mrs. Crane and Feustmann & Kaufmann, the guarantor's liability was

reduced to a less amount, it furnished him no excuse for denying all liability.

There was sufficient evidence tending to show non-payment by Mrs. Crane.

The third point of counsel for appellant is based upon the exceptions taken to the charge. After a careful consideration of the instructions given by the learned circuit judge we fail to discover any error therein.

The order entered in the circuit court must be affirmed, with costs.

The other Justices concurred.

