## Mills v. Knapp.

(*Circuit Court, N. D. New York.* August 26, 1889.)

1. FOREIGN EXECUTOR—RIGHT TO SUE.
    An executor appointed in another state has not, as such, in New York, any authority to prosecute a suit at law or in equity.[1]

2. SAME—WHEN OBJECTION CAN BE RAISED.
    Where a bill sets forth affirmatively, as the foundation of the right to sue, the granting of letters of administration in another state, and nothing else, and the answer puts it in issue, the right of plaintiff to sue is not admitted, and defendant can raise such objection at the hearing on the merits.

3. EQUITY—COMPLETE REMEDY AT LAW.
    Where plaintiff declares in his bill that he is entitled to recover an exact sum, and asks no discovery, and shows that no accounting is necessary under the direction of the court, he shows that he has a complete remedy at law, and the court will order the bill dismissed *sua sponte.*

[1]Concerning the right of a personal representative to sue in the courts of another state than that in which he was appointed, see Gove v. Gove, (N. H.) 15 Atl. Rep. 121, and note; Newberry v. Robinson, 36 Fed. Rep. 841, and cases cited.

In Equity.
*C. E. Ide*, for complainant.
*F. P. Tabor*, for defendant.

BLATCHFORD, J. This is a suit in equity to recover the sum of $8,221.16, as profits belonging to the plaintiff's intestate resulting from the purchase and sale by the defendant of 200 shares of the capital stock of the Adams Express Company, which it is claimed the defendant bought and sold, not for himself, but for the plaintiff's intestate. The bill alleges that the plaintiff " is the duly appointed and qualified administrator of the estate and effects of one Merrill I. Mills, late of the city of Detroit, in the state of Michigan," who died on or about the 14th of September, 1882, "under and by virtue of letters of administration duly issued to him by the judge of probate of the county of Wayne, in the state of Michigan, on the 13th day of October, 1882, which said letters were issued out of and under the seal of the probate court of the said county, the same bearing date the 13th day of October, 1882, upon the petition of Cynthia A. Mills and Merrill B. Mills, the widow and son of said deceased." This is the only averment in the bill as to the issuing of any letters of administration to the plaintiff. It is apparent, therefore, that he rests his capacity to sue solely upon the grant of letters of administration to him in Michigan.

The substance of the allegations of the bill is that in October, 1869, the intestate delivered to the defendant $2,800, which the defendant accepted as the property of the intestate, to invest it in the purchase for the intestate of 200 shares of the capital stock of the Adams Express Company; that the defendant, pursuant to said agreement, purchased for the intestate the 200 shares, of the par value of $100 per share, for the price of $57.50 per share, and paid the $2,800 as part of the purchase price, and paid or agreed to pay $8,750 as the balance of the purchase price, including brokerage, making an aggregate of $11,550; that it was agreed between the defendant and the intestate that the former should purchase the stock and take a transfer of it in the name of the latter, but, instead of doing so, the defendant, without the knowledge or consent of the intestate, had the stock transferred to the name of the defendant, and not to the name of the intestate, and the latter did not discover that fact until after the defendant had sold the stock; that on the 12th of October, 1871, the defendant sold the 200 shares for $79 per share, being $15,800, less $25 brokerage; that during the time the 200 shares stood in the name of the defendant he received seven dividends thereon, of $400 each; that the interest on those dividends, up to the time the stock was sold, amounted to $147.83; that during the time the stock stood in the name of the defendant he expended moneys on account of the intestate, for interest on unpaid purchase price, brokerage, etc., not exceeding $1,775; that the profits on the purchase and sale of the 200 shares, and the moneys received by the defendant on the sale thereof, and for dividends thereon, and interest on such dividends, over and above all moneys expended by the defendant on account of the in-

testate in and about the purchase and sale of the 200 shares, amounted, on October 12, 1871, to $8,221.16; and that the defendant, though requested by the intestate in his life-time, and by the plaintiff, has not paid over "said profits." The prayer of the bill is that the defendant account for and pay over to the plaintiff all such gains and profits as accrued and arose, or were earned or received, by the defendant on the purchase and sale and for or on account of the 200 shares, and which would have been received by the intestate but for the wrongful act of the defendant in having the stock transferred to his own name, and but for his acts in and about said stock transaction. By his answer, the defendant denies the allegations above set forth as contained in the bill. The answer does not otherwise refer to the subject of the granting of letters of administration to the plaintiff, nor does it raise the objection that the plaintiff has a plain, adequate, and complete remedy at law. After replication proofs were taken on both sides, and the case has been heard on pleadings and proofs. As part of his proofs the plaintiff offered in evidence an exemplification of a record from the probate court of the county of Wayne, in the state of Michigan, showing a petition for and the granting of letters of administration on the estate of the intestate to the plaintiff. The counsel for the defendant objected at the time to the introduction of the exemplification "as incompetent, and no proof under the statute, and does not show complainant's authority to sue in the state of New York."

It is objected by the defendant that the plaintiff shows no right to bring this suit in the state of New York. This objection must prevail. In view of the allegations of the bill and the denial in the answer, the question is raised whether an administrator appointed in one state can, by virtue of such appointment, maintain an action in another state to enforce an obligation due his intestate. In *Noonan* v. *Bradley*, 9 Wall. 394, 400, it was said:

"Upon this question the law is well settled. All the cases on the subject are in one way. In the absence of any statute giving effect to the foreign appointment, all the authorities deny any efficacy to the appointment outside of the territorial jurisdiction of the state within which it was granted. All hold that, in the absence of such a statute, no suit can be maintained by an administrator in his official capacity, except within the limits of the state from which he derives his authority. If he desires to prosecute a suit in another state he must first obtain a grant of administration therein in accordance with its laws."

There is no statute of the state of New York giving effect in that state to the Michigan appointment. Ancillary letters taken out in New York are a necessary prerequisite to the maintenance of the present suit. In *Parsons* v. *Lyman*, 20 N. Y. 103, 112, it was said to be well settled in New York that an executor or administrator appointed in another state has not, as such, any authority beyond the sovereignty by virtue of whose laws he was appointed; citing *Morrell* v. *Dickey*, 1 Johns. Ch. 153; *Doolittle* v. *Lewis*, 7 Johns. Ch. 45; *Vroom* v. *Van Horne*, 10 Paige, 549.

It is objected by the plaintiff that the answer does not set up the

plaintiff's incapacity to bring this suit. In *Noonan* v. *Bradley*, 9 Wall. 394, the plaintiff sued in the circuit court of the United States in Wisconsin, under an appointment of him as administrator made in New York. The point was taken by the plaintiff that, by pleading to the merits, the defendant had admitted the representative character of the plaintiff, and his right to sue in that capacity; but, in answer, the court observed that the declaration stated that the grant of administration to the plaintiff was by letters issued in the state of New York, and that the plea to the merits only admitted the title as stated in the declaration. So, in the present case, as the bill sets forth affirmatively, as the foundation of the right to sue, the granting of the Michigan letters, and nothing else, and as the answer puts that in issue, it cannot be held that the right of the plaintiff to sue is admitted, or that the defendant is not at liberty to raise the objection at the hearing on the merits, especially as the point was distinctly taken when the exemplification was offered in evidence.

Besides this, the plaintiff, on the face of his bill, has a plain, adequate, and complete remedy at law. He declares in his bill that the amount he is entitled to recover is $8,221.16 as of October 12, 1871. He asks for no discovery. He shows that no accounting under the direction of the court is necessary, for he makes the accounting himself in his bill. The prayer that the defendant may "account for and pay over" "such gains and profits," which he fixes at a specified amount, is no more than a prayer that the defendant pay over such specified amount. No other equitable relief is asked. In such a case it is not necessary that the objection should have been taken *in limine* in the answer. It is taken at the hearing, and that is sufficient. This is not a case where it is competent for a court of equity to grant the relief asked. *Reynes* v. *Dumont*, 130 U. S. 354, 395, 9 Sup. Ct. Rep. 486; *Kilbourn* v. *Sunderland*, 130 U. S. 505, 514, 9 Sup. Ct. Rep. 594. It is governed by the rule laid down in *Lewis* v. *Cocks*, 23 Wall. 466, where the court, finding the case to be an action of ejectment in the form of a bill in chancery, ordered the bill to be dismissed, although the objection was not made by demurrer, plea, or answer, or suggested by counsel, saying that, as it clearly existed, it was the duty of the court *sua sponte* to recognize it, and give it effect. It results from these views that, without inquiring into the merits of the case, the bill must be dismissed, with costs.