Order appealed from affirmed, and a peremptory writ of mandamus directed to be issued. All concur.

---

## SELOVER v. LOCKWOOD et al.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

1. NONAPPEALABLE ORDER—RIGHTS OF APPELLEE.
   One in whose behalf an order was entered is estopped, on appeal therefrom, to claim that it was not appealable, as not having been rendered at special or trial term or at a circuit of the supreme court.
2. JUDGMENT—FRIVOLOUS PLEADING.
   Code Civil Proc. § 537, permitting a summary application for judgment on a frivolous pleading, and authorizing a judgment accordingly, applies only where the pleading appears to have been interposed in bad faith, and on a mere pretense, and not when it presents any real question for trial.

Appeal from special term, Cayuga county.

Action by William Selover against Absalom Lockwood and others. From an interlocutory judgment overruling, as frivolous, a demurrer to

the complaint, and directing judgment to be entered for plaintiff, defendants appeal.  Reversed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

James R. Cox, for appellants.

James Lyon, for respondent.

MACOMBER, J.  The notice of motion given to the appellants was that application for judgment in accordance with the prayer of the complaint would be made before a justice of the supreme court at chambers, upon the ground that the demurrer interposed by them was frivolous. Subsequently an order was made—apparently a court order—directing judgment to be entered for the plaintiff upon the demurrer for the relief demanded in the complaint, with $10 costs of the motion, upon the ground that the demurrer was frivolous.  This was followed by the entry of an interlocutory judgment as upon a trial at special term of issues of law arising on a demurrer.  Leave, however, was granted to the appellants to serve an answer within 20 days from the date of the order upon paying to plaintiff's attorney $10 costs of motion and $10 costs for leave to answer.

The learned counsel for the respondent has filed one brief, in which he takes the position that this order from which the appeal by the appellants was taken is not appealable, because it was not rendered at special term or trial term or a circuit of the supreme court, and he contends that there is no authority for entering such an order as was done in this instance.  The practice pursued was not the usual one in motions of this description, but we think the respondent is estopped to allege that it was irregular, for it was attributable to himself, in whose behalf the order from which the appeal was taken was entered.  We must therefore consider the case upon the merits as they were developed upon the hearing at chambers.  The action was brought for the foreclosure of a mortgage upon lands in the town of Sennett, N. Y.  The mortgage was executed by one Horace W. Lockwood, now deceased, in the sum of $2,400 and interest, and payable to Margaret Selover, her heirs and assigns, and dated April 1, 1864.  The plaintiff alleged the assignment of the mortgage by the mortgagee to one Gertrude Lockwood on the 5th day of July, 1866, and the record of such assignment; also the assignment by Gertrude Lockwood to the plaintiff, William Selover, on the 30th day of May, 1892, together with an allegation that the plaintiff is the owner thereof.  The complaint further sets forth the death of the mortgagor on the 13th day of April, 1892, intestate; that he left surviving him a widow, the said Gertrude Lockwood, and certain heirs at law, the appellants in this case; the marriage of the defendant Gertrude Lockwood to the said Horace W. Lockwood, with the allegation that, inasmuch as she, his wife, did not join in the execution of the mortgage, she is entitled to her right of dower to the premises, prior and superior to the mortgage; that Horace W. Lockwood, in his lifetime, failed to comply with the conditions of the mortgage by making payment upon the principal sum of $2,400, which he had the option to pay upon giving 30 days' notice, and that his heirs had wholly failed to comply

with the conditions of the mortgage to pay such principal and interest from April, 1864, amounting in all to $6,437.20; also that no proceedings at law have been had for a recovery of the debt.    The demurrer was interposed upon the ground that the complaint did not state facts sufficient to constitute a cause of action.    It was based upon the proposition that the complaint contained no allegation of an existing debt, and that it did not appear that any obligation to pay existed, and also that, not only was there an omission to aver the existence of a debt, but that it affirmatively appeared by the complaint that no debt existed, but that, on the contrary, the mortgage was given by way of a testamentary gift or provision for the mortgagor's wife.    Many cases are cited to support this contention.

It is argued in behalf of the respondent that the seal to the mortgage sufficiently implies a consideration, and that, the amount of security being ascertained by the terms of the instrument itself, the land covered by the mortgage may be charged with the payment of this sum.    The mortgage contained this provision, as set forth in the complaint:

"This grant is intended as a security for the payment of two thousand four hundred dollars, to become due and payable at the option of the parties hereto, [meaning the mortgagor and mortgagee,] their or either of their assigns, by giving the other party thirty days' notice. Nevertheless, if such sum or principal is not paid during the lifetime of the party of the first part, and provided this instrument [meaning said mortgage] shall be assigned to and be held and owned by Gertrude Lockwood; also, provided, the said Gertrude Lockwood shall survive said party of the first part,—then, at the death of said party of the first part, [meaning the mortgagor,] said principal sum shall become due and payable to the party of the second part, [meaning the mortgagee,] her heirs or assigns, without notice, as is above mentioned, together with interest from the date of this instrument, [meaning the date of said mortgage,] and that said mortgage shall be void if such payment be made as therein specified."

The complaint also averred that said mortgage contained the further provision that, if the said mortgagor should not pay the moneys thereby secured, according to the terms thereof, then the said Margaret Selover, her executors, administrators, or assigns, were empowered to sell the said mortgaged premises in due form of law, and out of all the moneys arising from such sale to pay the said sum of money and interest in and by said mortgage secured to be paid, with the costs and expenses of all proceedings thereupon; the surplus, if any there should be, to be returned to said mortgagor, his heirs or assigns.    In behalf of the appellant it is argued that this instrument appears to be an inchoate and incomplete attempt to make a post mortem gift in the nature of a testamentary bequest, charged upon the land, and which is not permitted to be done by the statute of wills.    Upon this proposition are cited: Morrell v. Dickey, 1 Johns. Ch. 153; Harris v. Clark, 3 N. Y. 93; Phelps v. Pond, 23 N. Y. 76; Worth v. Case, 42 N. Y. 367; and many other authorities and text writers.    The learned counsel for the respondent concedes that the instrument appears to be of the nature of a testamentary provision for his wife in lieu of a will.    Both counsel, therefore, appear as contending upon the one assumption, namely, that there was no debt in existence at the time of the execution of the mortgage; but the one argues that the

mortgage cannot be enforced upon that ground, and the other that it may be enforced as being in the nature of a testamentary gift to the mortgagee. We purposely refrain from passing upon this question at the present time, for, in our judgment, the practice has been mistaken by the counsel for the plaintiff. The very statement of the question involved shows that it is one of much interest and moment, and a demurrer so presenting it is a pleading that should be examined, and the case made by it tried in the usual way of trying demurrers. Section 537 of the Code of Civil Procedure permits an application to be made in a summary manner to a judge or court for a judgment upon a frivolous pleading, and authorizes a judgment to be given accordingly. This section does not contemplate the entertaining of a motion for a judgment upon this ground when the pleading interposed presents any question for trial; it is only where the faulty pleading is an obstruction that an application may be made. The section further provides: "If the application is denied, an appeal cannot be taken from the determination, and the denial of the application does not prejudice any of the subsequent proceedings of either party." This clause of the section shows that the case contemplated by this provision is only one where manifestly and clearly the pleading presents no question for the consideration of the court, but appears to have been put in bad faith, and upon a mere pretense. Without, therefore, expressing an opinion upon the merits of this question as they shall appear when the same shall have been brought on for trial in the usual way, we think that there was sufficient question presented by the demurrer to the complaint to require the learned justice at chambers to refuse to dispose of it in the summary way contemplated by this section of the Code. It follows that the order appealed from should be reversed.

Interlocutory judgment appealed from reversed, with $10 costs and disbursements, and motion denied. All concur.